## MICHIGAN NATIONAL BANK *v.* ROBERTSON
### ET UX.

No. 55.   Decided March 25, 1963.*

*Thomas M. Davies* and *Robert A. Barlow* for petitioner in both cases.

*Robert A. Nelson* and *J. Max Harding* for respondents in No. 64.

PER CURIAM.

Respondents in these two cases purchased house trailers in Nebraska, executing and delivering notes and lien

---

*Together with No. 64, *Michigan National Bank* v. *Hills et ux.*, also on petition for writ of certiorari to the same Court.

instruments to the local dealer who in turn negotiated them to the petitioner, a national bank located in Michigan. Respondents have now sued petitioner, alleging violations of the Nebraska Installment Loan Act and challenging the validity of the transactions and of the documents executed in connection therewith.[1] Petitioner claimed that it could not be sued in Nebraska because of 12 U. S. C. § 94[2] and that 12 U. S. C. § 86, the federal usury provision,[3] applied to the exclusion of the Nebraska

---

[1] "Violation of sections 45–114 to 45–155 in connection with any indebtedness, however acquired, shall render such indebtedness void and uncollectible." Neb. Rev. Stat. § 45–155; see *State ex rel. Beck* v. *Associates Discount Corp.*, 168 Neb. 298, 96 N. W. 2d 55.

[2] *Venue of suits.*

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

[3] *Usurious interest; penalty for taking; limitations.*

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 of this title, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided,* That such action is commenced within two years from the time the usurious transaction occurred."

The preceding section, 12 U. S. C. § 85, provides in part:

*Rate of interest on loans, discounts, and purchases.*

"Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and

statutes. These contentions were rejected by the Nebraska courts and respondents obtained judgments for all of the relief requested.[4] The petitions for certiorari place before the Court only the applicability of 12 U. S. C. § 94 and we confine ourselves to that matter.

All of the reasons, save one, advanced by the Nebraska Supreme Court for not applying 12 U. S. C. § 94 in these cases we have already rejected in *Mercantile Nat. Bank* v. *Langdeau*, 371 U. S. 555. The additional ground relied upon in No. 55 was that "[t]he instant action was a local action, not a transitory action, [s]ee § 25–404 R. R. S. 1943;[5] § 45–154, R. R. S. 1943," 172 Neb. 385, 394, 109 N. W. 2d 716, 722, and thus within the exception to 12 U. S. C. § 94 carved out by *Casey* v. *Adams*, 102 U. S. 66. This ground is likewise untenable. The applicable Nebraska venue statute on its face allows suit in more than one county and, in the case of foreign corporations such as petitioner, Nebraska Revised Statute § 25–408[6]

---

no more, except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this chapter."

[4] Respondents sought the return of all installments heretofore paid to the bank, a declaration that the note, contract and mortgage were void and uncollectible and an order directing the bank to deliver the purchasers a certificate of title free and clear of encumbrances.

[5] 25–404. *"Local actions involving statutory liability, acts, and bonds of public officers.* Actions for the following causes must be brought in the county where the cause or some part thereof arose: (1) An action for the recovery of a fine, forfeiture, or penalty, imposed by a statute . . . ."

[6] "An action, other than one of those mentioned in sections 25–401 to 25–403, against a nonresident of this state or a foreign corporation may be brought in any county in which there may be property of, or debts owing to said defendant, or where said defendant may be found; but if such defendant be a foreign insurance company, the action may be brought in any county where the cause, or some part thereof, arose."

appears to permit suit in any county where the defendant can be found. By its very nature, this is a considerably different kind of suit from the one to determine interests in property at its situs which was involved in *Casey* v. *Adams*. Moreover, although § 94 by its terms is applicable to all actions against national banks, when it was re-enacted in the Act of February 18, 1875, c. 80, 18 Stat. 320, it was appended to the provisions dealing with usury actions against national banks. See *Mercantile Nat. Bank* v. *Langdeau, supra,* at 561 and 568. We think Congress clearly intended 12 U. S. C. § 94 to apply to suits involving usury and the related matters at issue here.

The respondents, nevertheless, would have us affirm on another ground, namely, that the documents in question here provide that all matters relating to execution, interpretation, validity and performance are to be determined by the law of the State of Nebraska and that the bank has therefore waived the benefits of § 94, as it may do. *Charlotte Nat. Bank* v. *Morgan,* 132 U. S. 141. But we should not deal with this matter in the first instance. The Nebraska courts do not appear to have addressed themselves to this particular issue and, if the question is still open there, they may or may not decide that under the applicable law, the contractual provision relied upon reaches the issue of venue in the event of suit.

The petitions for certiorari are granted, the judgments are vacated and the causes are remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, concurring.

I concur in the Court's remand of these cases, as I agree that, even if the bank could under 12 U. S. C. § 94 be

sued only in the county where it is located, the bank may waive the benefits of the statute. *Charlotte Nat. Bank v. Morgan,* 132 U. S. 141. But I concur only in the result, since I am in total disagreement with the Court's interpretation of § 94 and would prefer to affirm the judgments below holding that the Michigan National Bank can be sued in the Nebraska courts. Each lawsuit grew out of a business transaction in which the Michigan bank financed a Nebraska resident's purchase of a house trailer from a Nebraska dealer. Now, under this Court's holding, these people in Nebraska who allege that their contracts were usurious under Nebraska law must, unless the bank be held to have waived statutory venue, go all the way to Michigan to try to vindicate their rights against the bank. This harsh result is held to be compelled by a provision of the Act of June 3, 1864, c. 106, § 30, 13 Stat. 108, now codified in 12 U. S. C. § 94. I do not know of a single Act Congress has passed in a century which clearly and explicitly denies a person in one State the privilege of filing suit in his own State against an out-of-state company where service can be obtained and where the suit arises out of a transaction within the State. And I am not willing to find such a congressional purpose in § 94. I realize that this Court did hold several weeks ago in *Mercantile Nat. Bank* v. *Langdeau,* 371 U. S. 555, that this statute requires a suit in a state court against a national bank to be brought in the county where the bank is located. *Langdeau* merely required that the plaintiff sue in one county of the State rather than in another. Formal logic strictly applied might call for expansion of that holding to cover the different factual situation here. But that would require a plaintiff to go to another State hundreds of miles from home to bring suit for a wrong done him in a transaction in his own State, a result which I cannot believe Congress intended.