[Civ. No. 9219. Fourth Dist., Div. Two. May 9, 1969.]

FREDERICK M. EBELING et al., Plaintiffs and Appellants, v. CONTINENTAL ILLINOIS NATIONAL BANK & TRUST COMPANY OF CHICAGO et al., Defendants and Respondents.

Frederick M. Ebeling, in pro. per., for Plaintiff and Appellants.

Lawler, Felix & Hall and John G. Wigmore for Defendants and Respondents.

McCABE, P. J.—On February 1, 1967, plaintiffs Frederick M. Ebeling and JeNell M. Ebeling, filed a complaint entitled

"Forcible Entry" in the superior court. The complaint designated Continental Illinois National Bank and Trust Company of Chicago (hereafter CINB), Pacific Enterprises, Inc., Carl Rosenthal, Milton Rosenthal, Geraldine Rosenthal, Mabel Rosenthal, and certain fictitious parties as defendants. The complaint alleged that the defendants, on or about January 21, 1967, "did violently enter upon said premises (certain real property in the City of Garden Grove) without any claim of right to so enter and without the consent, permission, invitation or knowledge of Plaintiffs and against their will and then and there removed from said premises" certain personal property belonging to plaintiffs. Plaintiffs prayed "for possession of aforesaid property, damages suffered in the sum of $46,028.00, [and] that said damages be trebled."

Plaintiffs attempted on two occasions to effect service of process on CINB and on both occasions CINB appeared specially and moved to quash the service of summons. The first such motion was made on May 23, 1967, and was predicated upon three grounds: that (1) Title 12 United States Codes section 94, barred an action against CINB in California; (2) CINB was not doing business within the State of California; and (3) service upon CINB by the Sheriff of Cook County, Illinois, was insufficient to subject CINB to the jurisdiction of the superior court of this state. On May 23, 1967, the superior court entered its order granting CINB's motion. On May 25, 1967, notice of the court's order granting CINB's motion to quash service of summons was served by mail on plaintiffs. No appeal was taken from the order.

Subsequently, plaintiffs again attempted service of summons and complaint upon CINB under the provisions of Code of Civil Procedure, section 411, subdivision 2, and Corporations Code, sections 6501 and 6502, by obtaining an order for service of summons and causing a copy of the summons and complaint to be delivered to the Deputy Secretary of State for the State of California, who in turn purported to effect service by forwarding a copy of the summons and complaint by mail to CINB at its address in Chicago. On September 20, 1967, CINB appeared specially in the superior court and moved to quash and set aside service of summons on two grounds: (1) Title 12 United States Code, section 94, prohibited suit against CINB in the State of California; and (2) CINB did not do business in California to confer jurisdiction upon the courts of California. After hearing argument on said

motions, the court again granted CINB's motion finding insufficient evidence that CINB was doing business in California and that 12 United States Code, section 94, precluded suit in California.

On November 27, 1967, Frederick M. Ebeling, in propria persona, and purporting to represent himself and JeNell M. Ebeling filed a timely notice of appeal from the order quashing service of summons upon defendant. Neither Frederick M. Ebeling nor JeNell M. Ebeling was an attorney admitted to practice law in California. The attempted appeal of JeNell M. Ebeling is therefore dismissed.

 On appeal, plaintiff attacks the trial court's action on essentially three distinct grounds: (1) the codefendant National Bank [CINB] is amenable to local process because forcible entry is a local, not a transitory action; (2) the codefendant National Bank [CINB] meets the requirements of "doing business in this state;" (3) the law and motion department lacked the authority to quash the service of summons.

Since it is manifest that the law and motion department does have jurisdiction to quash service of summons (Code Civ. Proc., § 416) and since it must be concluded that Title 12 United States Code section 94, prohibits this suit in California, the order appealed from must be affirmed.

The record reflects that Continental Illinois National Bank and Trust Company of Chicago [CINB] is a national banking association organized under and by virtue of the laws of the United States and has its principal office and place of business in the City of Chicago, County of Cook, State of Illinois. Moreover, CINB does not now, and never has, maintained an office in California.

Title 12 United States Code, section 94, governing the place of trial of actions against national banking associations, provides in pertinent part as follows: "Actions and proceedings against any association under this chapter may be had . . . in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

A national bank for jurisdictional purposes is a citizen of the state wherein it is established or located (28 U.S.C. § 1348) and can only be sued in a state court in the county in which it is located. (*Mercantile Nat. Bank at Dallas* v. *Langdeau*, 371 U.S. 555, 561 [9 L.Ed.2d 523, 528, 83 S.Ct. 520].)

 A national banking association is "established" or

"located," as those terms are used in section 94, only at the national banking association's principal place of business as set forth in its charter. (*Buffum* v. *Chase Nat. Bank of City of New York* (7th Cir. 1951) 192 F.2d 58, cert. den. 342 U.S. 944 [96 L.Ed. 702, 72 S.Ct. 558]; *Leonardi* v. *Chase Nat. Bank of City of New York* (2d Cir., 1936) 81 F.2d 19, cert. den. 298 U.S. 677 [80 L.Ed. 1398, 56 S.Ct. 941]; *Stephen-Leedom Carpet Co.* v. *Republic Nat. Bank* (1966) 25 App.Div. 2d 645 [268 N.Y.S.2d 377, 378].)

The venue requirements, with reference to suits against a national bank, as set forth in section 94 are mandatory. (*Michigan Nat. Bank* v. *Robertson,* 372 U.S. 591 [9 L.Ed.2d 961, 83 S.Ct. 914]; *Mercantile Nat. Bank at Dallas* v. *Langdeau, supra,* 371 U.S. 555, 562 [9 L.Ed.2d 523, 529, 83 S.Ct. 520]; *First Nat. Bank of Charlotte* v. *Morgan,* 132 U.S. 141 [33 L.Ed. 282, 10 S.Ct. 37]; *Monarch Wine Co.* v. *Butte,* 113 Cal.App.2d 833, 839 [249 P.2d 291].)

Plaintiff argues that section 94 is not a bar to the action in view of the fact that a "Forcible Entry" action is a local, as distinguished from a transitory cause of action. He cites *Casey* v. *Adams,* 102 U.S. 66 [26 L.Ed. 52], in support of his argument.

The Supreme Court of the United States in *Casey* v. *Adams, supra,* carved out an exception to 12 United States Code, section 94, and held that local actions are in the nature of suits *in rem* and are to be prosecuted where the thing in which they are found is situated.

The instant action, however, is not within the exception to section 94 as expounded in *Casey* v. *Adams, supra.* While the plaintiff has entitled his complaint as one for "Forcible Entry," it is apparent that the principal object of the action is to recover certain personal property and damages for its taking. Where the main relief sought is personal, the fact that title or possession of real property is incidentally involved does not change the character of the suit as a *transitory action.* (1 Witkin, Cal. Procedure (1954), § 188, p. 703; *Hammon* v. *American etc. Min. Co.,* 203 Cal.App.2d 306, 309 [21 Cal.Rptr. 409].) Accordingly, plaintiff's action, being one for damages for conversion and specific recovery of personal property, is transitory (see *Haurat* v. *Superior Court,* 241 Cal.App.2d 330 [50 Cal.Rptr. 520]; *Mason* v. *Buck,* 99 Cal. App. 219 [278 P. 461]) and thus is not within the exception of *Casey* v. *Adams, supra,* 102 U.S. 66 [26 L.Ed. 52].

It does not appear, and it is not urged that defendant bank has waived the venue privilege as to this action (cf. *Michigan Nat. Bank* v. *Robertson, supra,* 372 U.S. 591 [9 L.Ed.2d 961, 83 S.Ct. 914].)

The attempted appeal of JeNell M. Ebeling is dismissed. The order quashing the service of summons on defendant Continental Illinois National Bank and Trust Company is affirmed.

Kerrigan, J., and Tamura, J., concurred.

The petition of appellant Frederick Ebeling for a hearing by the Supreme Court was denied July 23, 1969.