**UNITED STATES NATIONAL BANK,**
a national banking association,
**Petitioner,**

v.

**Honorable Irving HILL, United States
District Judge, Respondent,**

**Sam GREITZER and Tillie Greitzer, husband and wife, Real Parties
In Interest.**

**No. 26447.**

United States Court of Appeals,
Ninth Circuit.

Nov. 9, 1970.

Stephen D. Drushall, of Epport & Delevie, Los Angeles, Cal., for petitioner.

Honorable Irving Hill, District Judge, in pro. per.

Marshall B. Grossman of Schwartz & Alschuler, Los Angeles, Cal., for real party in interest.

Theodore E. Orliss of Jaffe & Orliss, Los Angeles, Cal., Robert E. Jenks, Jr., of Calfas & Calfas, Santa Monica, Cal., for co-defendants.

Before HAMLEY, ELY, and WRIGHT, Circuit Judges.

PER CURIAM:

The Petitioner is a national bank with its principal office and place of business in San Diego, California. The City of San Diego is located in the Southern District of California. The Petitioner and others were sued in the Central District of California, the claim against them being predicated, in part, upon the Securities Act of 1933, as amended (15 U.S.C. § 77v), and the Securities Exchange Act of 1934, as amended (15 U.S.C. § 78aa).

After the filing of the complaint in the District Court, the Petitioner moved that the complaint against it be dismissed or, in the alternative, that the suit, as against it, be transferred to the Southern District of California. It based its motion upon the provisions of 12 U.S.C. § 94. The District Court denied the motion for the reason that the Petitioner maintained a "branch office" within the Central District of California. This Petition for Writ of Mandamus followed.

We are convinced that the contention made by the Petitioner is correct. 12 U.S.C. § 94 provides, in effect, that a suit may be instituted against a national bank only within the district in which the bank is "established" or wherein it is "located." In American Surety Co. v. Bank of California, 133 F.2d 160 (9th Cir. 1943), our court had the opportunity to define the word "located" as it then appeared in 28 U.S.C. § 41(16), the predecessor of 28 U.S.C. § 1348. We held that the national bank involved in that case was "located" only in the state wherein it maintained its principal place of business, even though it had "branch business offices" in other states. Subsequently, in Cope v. Anderson, 331 U.S. 461, 467, 67 S.Ct. 1340, 1343, 91 L.Ed. 1602 (1947), the Supreme Court wrote: "For jurisdictional purposes, a national bank is a 'citizen' of the state in which it is established or located, 28 U.S.C. § 41(16), 28 U.S.C.A. § 41(16), and *in that district alone can it be sued*, 12 U.S.C.A. § 94." (emphasis added)

The overwhelming weight of authority, in line with *American Surety Co.* and *Cope*, supports the proposition that a national bank does not become "established" or "located" in any district wherein it may open and operate a branch office. *See, e.g.*, Buffum v. Chase Nat'l Bank, 192 F.2d 58, 60 (7th Cir. 1951), *cert. denied*, 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952); Leonardi v. Chase Nat'l Bank, 81 F.2d 19, 22 (2d Cir.), cert. denied, 298 U.S. 677, 56 S.Ct. 941, 80 L.Ed. 1398 (1936); Berman v. Thomson, 284 F.Supp. 521 (N.D. Ill.1968); General Electric Credit Corp. v. James Talcott, Inc., 271 F.Supp. 699, 703 (S.D.N.Y.1966); National Union Fire Ins. Co. v. Lippert Bros., Inc., 233 F.Supp. 650, 653 (D.Neb.1964); Prince v. Franklin Nat'l Bank, 310 N.Y.S.2d 390 (1970); Ebeling v. Continental Illinois Nat'l Bank & Trust Co., 272 Cal.App.2d 724, 727, 77 Cal.Rptr. 612, 614 (1969); Tuthill v. George S. May Int'l Co., 55 Misc.2d 542, 285 N.Y.S.2d 317 (1967); *cf*. Levin v. Great W. Sugar Co., 274 F. Supp. 974 (D.N.J.1967).

The decision reached by the district judge may reflect the more desirable position, but if the national banks and the courts are to be placed in that position,

it must be the Congress that puts them there.

The Petition for Writ of Mandamus is granted. The District Court's order of August 6, 1970, insofar as it pertains to the issue in question, is vacated. If the district judge deems it appropriate, he may order that the cause, in its entirety, be transferred to the Southern District of California; otherwise, the suit, as against the Petitioner, must be dismissed for want of jurisdiction.