## JAMES E. HOLST ET AL v. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION ET AL

5-5573                                         467 S. W. 2d 397

Opinion delivered May 31, 1971

*William Gilliam,* for appellants.

*Chowning, Mitchell, Hamilton & Chowning,* for appellees.

CARLETON HARRIS, Chief Justice. Appellee, Bank of America National Trust & Savings Association is a national banking association located and established in San Francisco, California. Appellants, James E. Holst and Charlotte C. Holst, financed a Buick automobile in California by security agreement which was assigned to appellee. With permission from appellee, appellants brought the automobile to Hot Spring County, Arkansas. Approximately a year later, appellants became de-

linquent in their monthly payments and the bank employed Arkansas Automobile Recovery of Pulaski County to repossess the Buick from appellants. According to a complaint subsequently filed by the Holsts, they entered into an agreement with Arkansas Automobile Recovery that that company would take the car and store it until appellants could "redeem" it. According to a further allegation, they received a notice of intent to sell the vehicle from the Bank of America National Trust and Savings Association, and thereupon contacted H. G. Kelley, the General Manager of Arkansas Automobile Recovery, who assured them that the automobile would be held for twenty days in this state. It is asserted that within that period of time, appellants obtained the money but were told by Kelley that the car was on its way to California. The complaint then asserted that the bank assured appellants that the vehicle would be returned if the Holsts would deliver the total balance to Arkansas Automobile Recovery. It is then alleged that this was done but there was a refusal to return the Buick and the check given by appellants was returned. Following this act, the suit, allegations of which have just been set forth, was filed in the Hot Spring Circuit Court. Judgment was sought against the Bank of America National Trust and Savings Association, Arkansas Automobile Recovery and H. G. Kelley jointly and severally for their conversion of the vehicle in the amount of $4,964 plus attorney fees and court costs. Thereafter the Bank of America National Trust and Savings Association appeared specially and exclusively for the purpose of seeking an order quashing the summons issued against it for the reason that it is a national banking corporation located in San Francisco, California, and has no location or establishment in Hot Spring County, Arkansas. This appellee asserted that the court had no jurisdiction of the cause of action because of the fact that 12 U. S. C. Sec. 94 provides the proper venue for the action against a national bank and is the sole, exclusive, and applicable provision of law in that regard. The other defendant, Arkansas Automobile Recovery, and H. G. Kelley, likewise appeared specially and exclusively for the purpose of moving that service be quashed against them, asserting that they were not served in the proper

county under the provisions of Ark. Stat. Ann. §§ 27-605 and 27-613 (Repl. 1962). The court sustained the motion of appellee, quashed the service and dismissed the bank as a party defendant, but the record does not reflect what action was taken on the other two motions. From the judgment entered dismissing the bank as a party, appellants bring this appeal. For reversal, it is simply asserted that the appellee is subject to suit in Arkansas.

Of course, a national banking association is a creature of federal law, and the question of where it can be sued is governed by federal law. Proper venue against such an association is determined by 12 U. S. C. Sec. 94, which provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Appellants say this section is permissive, calling attention to the use of the word "may", but it has been flatly held that the requirements of Section 94 are mandatory. In *Mercantile National Bank at Dallas* v. *Langdeau*, 371 U. S. 555, 83 S. Ct. 520, 9 L. Ed. 2d 523, the United States Supreme Court, in an opinion by Justice White, stated that the court found "nothing in the statute, its history or the cases in this court to support appellee's construction of this statute. On the contrary, all these sources convince us that the statute must be given a mandatory reading." The opinion cited that the phrase "may be had" [referring to service on defendant national banks] was, "in every respect, appropriate language for the purpose of specifying the precise courts in which Congress consented to have national banks subject to suit and we believe Congress intended that in those courts alone could a national bank be sued against its will". This holding was reaffirmed in the case of *Michigan National Bank* v. *Robertson*, 372 U. S. 591, 9 L. Ed. 2d 961, 83 S. Ct. 914, in a *Per Curiam*

opinion. It might be mentioned in connection with the latter case that the strongest authority cited by appellants is the concurring opinion of Mr. Justice Black— but, of course, it was just a concurring opinion, and not the opinion of the court. In addition, the original transaction there had originated in Nebraska, the home of the debtors to the bank. In the 1969 case of *Ebeling v. Continental Illinois Nat. B. & T. Co. of Chicago, etc. et al,* 77 Cal. Rptr. 612, the California court rendered the same holding, citing a number of cases including *Langdeau* and *Robertson.*

We are somewhat inclined to agree with appellants that simply because a bank is nationally chartered, it should not be immune from this type of litigation, but this is a matter that should be directed to the attention of the Congress. Under the holdings cited, we have no choice but to affirm.

It is so ordered.