**NORTHSIDE IRON AND METAL COM-PANY, INC., et al., Plaintiffs-Appellants,**

v.

**DOBSON AND JOHNSON, INC., and The Third National Bank, Defendants-Appellees.**

No. 73-1200

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 5, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

R. Elliott Dunn, Jr., Gainesville, Ga., for plaintiffs-appellants.

John T. Marshall, Gary N. Ackerman, Atlanta, Ga., for Third National Bank.

Ronald L. Reid, William C. Humphreys, Jr., Atlanta, Ga., for Dobson and Johnson, Inc.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

The district court dismissed, on authority of the bank venue statute, 12 U.S.C.A. § 94, plaintiffs' action against defendant Third National Bank for fraud and deceit and denied plaintiffs' motion to remand the case to a Georgia state court. On this appeal, plaintiffs contend that the bank venue statute violates the Due Process Clause of the Fifth Amendment, that in the alternative the defendant bank waived whatever immunity from suit in Georgia which the bank venue statute conferred on it, and that the case was improperly removed from a state court to the federal district court. Finding each contention to be without merit, we affirm.

Plaintiffs are eight subcontractors who were engaged to supply labor and materials for construction of a government warehouse in Duluth, Georgia. Defendant Third National Bank, a national bank established in Davidson County, Tennessee, was to provide construction financing for the warehouse. A dispute developed with regard to the financing arrangements, and the plaintiffs sued Third National and one other defendant for fraud and deceit in the Superior Court of Gwinnett County, Georgia. Defendants removed the case to the Federal District Court for the Northern District of Georgia. The district court granted Third National's motion to dismiss as to it, denied plaintiffs' motion to remand the case to state court, and certified its order as a final judgment under Fed.R.Civ.P. 54(b).

The basis of the dismissal was the bank venue statute, 12 U.S.C.A. § 94, which provides:

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

A national bank is "established" or "located" "only in the place where its principal office and place of business is as specified in its organization certificate." Buffum v. Chase National Bank, 7th Cir. 1951, 192 F.2d 58, 60, cert. denied 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952). Even establishment of a branch office in another district will not suffice to "locate" the bank there for venue pur-

poses. United States National Bank v. Hill, 9th Cir. 1970, 434 F.2d 1019. In essence the statute confers on national banks immunity from suit outside the district, territory, county, and city where it is located. Although the language of the statute is permissive—specifying that actions against national banks "may be had" in the district where it is located —it is now authoritatively settled that the effect of the statute is mandatory; national banks may be sued only on their home ground. Mercantile National Bank v. Langdeau, 1963, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523; Michigan National Bank v. Robertson, 1963, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961.

■ It is undisputed that Third National is established in Tennessee and had a right under the bank venue statute to decline to be sued outside its district in Tennessee. The only question as to the applicability of the venue statute in this case is raised by appellants' argument that the bank waived its § 94 immunity from suit in Georgia by committing fraudulent acts there. A bank may waive the protection of § 94, Michigan National Bank v. Robertson, supra, either by express declaration or by failing to assert the privilege when sued outside its district. First Charlotte National Bank v. Morgan, 1889, 131 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282. Further, a waiver may be inferred from conduct inconsistent with the assertion of the privilege. In order to constitute a waiver, the declaration or conduct relied on must demonstrate "a voluntary and intentional relinquishment or abandonment of the privilege." Buffum v. Chase National Bank, supra, 192 F.2d at 61; Helco, Inc. v. First National City Bank, 3rd Cir. 1972, 470 F.2d 883. Merely doing business in a foreign district, even through a branch bank or a wholly owned subsidiary located there, does not constitute a waiver of the privilege. Helco, Inc. v. First National City Bank, supra; Fisher v. First National Bank, S.D.Iowa 1972, 338 F.Supp. 525, appeal dismissed, 8th Cir. 1972, 466 F.2d 511. We think it clear that commission of a tort in a foreign district is also an insufficient basis for inferring waiver of the venue privilege.

■ Appellants attack the constitutionality of the bank venue statute under the Due Process Clause of the Fifth Amendment and the Equal Protection principle embodied in it arguing that the statute is patently arbitrary, unreasonable, and discriminatory. While the statute does confer a special benefit on national banks, we cannot agree that it lacks a rational basis. "National banks are federal instrumentalities and the power of Congress over them is extensive. . . . Unquestionably Congress had authority to prescribe the manner and circumstances under which the banks could sue or be sued in the courts." Mercantile National Bank v. Langdeau, supra, 371 U.S. at 558, 83 S.Ct. at 522. In all cases which have dealt with the statute, including each of the ones cited above in this opinion, its constitutionality has never been doubted.

The historical purpose of the bank venue statute was to protect national banks against inconvenience and disruption in the conduct of their business which might result from removal of records to a foreign district for purposes of defending a lawsuit. First National Bank v. Morgan, supra, 132 U.S. at 145, 10 S.Ct. at 38. While it is undoubtedly true, as appellants point out, that technological advances in transportation and communication in the past century have reduced the potential hardship to a bank of defending a lawsuit in a foreign district, we cannot say that such distant litigation would not normally entail some inconvenience for the bank and disruption of its business, or that the special treatment accorded national banks has no rational basis. If the venue statute is to be amended or repealed, Congress is the body which must act to do so and the body to which appellants' argument should be addressed.

Finally, appellants argue that the case was improperly removed to federal court and that the district court, instead of dismissing, should have remanded to the

state court. We conclude, however, that the removal was proper under 28 U.S.C.A. § 1441(c), under which a whole case may be removed to federal court when it encompasses separate and independent claims, at least one of which would be removable if sued upon alone.

Section 1441(c) reads:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Professor Moore has illustrated the applicability of § 1441(c) to a multiclaim case in the following hypothetical:

> [I]f A and B suffer personal injuries at the hands of X, and A and B join in an action because of a common question of law or fact, there is a joinder of two separate and independent claims. If the defendant could then remove the A-X litigation had A's claim been sued upon alone, then the entire action is removable under § 1441(c), and the litigation involving the claims of both A and B goes into the federal court.

IA Moore's Federal Practice ¶ 0.162[1] at 621 (1965); *see also id.* ¶ 0.163[4.– 5] at 710. This hypothetical case is indistinguishable from the one at bar.

 Each of the eight plaintiffs had a separate and independent claim against defendants, which could have been sued upon alone without joinder the other plaintiffs. There was diversity of citizenship between defendants on the one hand, who were citizens of Tennessee, and each of seven of the eight plaintiffs, who are citizens of Georgia or North Carolina. Of these seven plaintiffs, five have claims for compensatory damages which exceed $10,000. Thus, for each of these five claims diversity of citizenship supplies a federal jurisdictional basis, and each, considered separately, was

therefore removable to the federal district court under 28 U.S.C.A. § 1441(a). Since some of the independent claims joined in the case were removable, the whole case was properly removable under § 1441(c).

The judgment of the district court is affirmed.