**RONSON CORPORATION**

v.

**LIQUIFIN AKTIENGESELL-SCHAFT et al.**

**Appeal of FRANKLIN NATIONAL BANK and Franklin New York Corporation.**

No. 73–1606.

United States Court of Appeals, Third Circuit.

Aug. 15, 1973.

Carpenter, Bennett & Morrissey, Newark, N. J., and Mudge, Rose, Guthrie & Alexander, New York City, for Liquifin

---

Aktiengesellschaft, Liquigas S.p.A., D. F. King & Co., Inc., Servizio Italia of Banca Nazionale del Lavoro, Phillip Marfuggi, Raffaele Ursini, and Michele Sindona.

Garrett E. Brown, Jr., Stryker, Tams & Dill, Newark, N. J., and Cravath, Swaine & Moore, New York City, for Kuhn, Loeb & Co., Inc.

Hannoch, Weisman, Stern & Besser, Newark, N. J., and Kaye, Scholer, Fierman, Hays & Handler, New York City, for Franklin National Bank and Franklin New York Corp.

Schapira, Steiner & Walder, Newark, N. J., Holtzmann, Wise & Shepard, New York City, and Wald, Harkrader & Ross, Washington, D. C., for Ronson Corp.

Submitted Under Third Circuit Rule 12(6) July 20, 1973.

Before VAN DUSEN and WEIS, Circuit Judges.

Resubmitted Under Third Circuit Rule 12(6) Aug. 15, 1973.

Before VAN DUSEN, ALDISERT and WEIS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

■ We are called upon in this particular appeal to resolve the facially conflicting venue provisions of the National Banking Act and those of the Securities Exchange Act of 1934.[1] The defendant Franklin National Bank has its principal office in Brooklyn, New York, claims that it may be sued only in the appropriate courts located in that state, citing the National Bank Act, specifically 12 U.S.C. § 94,[2] and moves for dismissal from this suit which was filed in the District of New Jersey.

The plaintiff has based the litigation on the provisions of the Securities Exchange Act of 1934, 15 U.S.C. § 78n, seeking to enjoin a tender offer allegedly made in violation of the statute, and asserts that venue is proper under the broad provisions of that Act, specifically as found in 15 U.S.C. § 78aa.[3]

As may be seen by a quick perusal of the respective statutes, the National Bank Act provides for a very limited forum—the district where the bank is "established" while the Securities Exchange Act is far more liberal.

In a fact situation similar to this case, the narrow provisions of the National Bank Act were enforced by the Court of Appeals for the Second Circuit in Bruns, Nordeman & Company v. American National Bank and Trust Company, 394 F. 2d 300 (2d Cir. 1968), cert. denied, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125,

1. This opinion deals only with the questions of venue and sufficiency of the complaint as applicable to two of the defendants. The primary issues involved between all the parties are decided in a companion opinion at No. 73–1587 filed July 25, 1973.

2. "Venue of suits.
Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

3. "Jurisdiction of offenses and suits.
The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder . . . Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found . . ."

and in a later case in that same circuit, Klein v. Bower, 421 F.2d 338 (2d Cir. 1970). The Ninth Circuit came to the same conclusion in United States National Bank v. Hill, 434 F.2d 1019 (9th Cir. 1970).

District Courts in this circuit have come to different conclusions, Rome v. Eltra Corp., 297 F.Supp. 314 (E.D.Pa. 1969), following the Second Circuit rulings, and Levin v. Great Western Sugar Company, 274 F.Supp. 974 (D.C.N.J. 1967),[4] holding that the venue provisions of the Securities Exchange Act should govern.[5]

We find ourselves unable to agree with the Second and Ninth Circuits and conclude that neither policy nor statutory construction binds us to the restrictive venue requirements of the National Bank Act which first came into being in 1864.

We are guided by the realization that the Securities Exchange Act must be liberally interpreted in order to accomplish the congressional objects of regulating the securities market and of affording proper disclosure to the investing public, as well as preventing fraud in securities trading.[6] In recognition of the national rather than local nature of transactions involved, Congress enlarged the applicable venue and service of process requisites. An unduly narrow ruling on venue could not but inhibit and reduce the effectiveness of the remedies provided by the Act.

The *Bruns* court thought there had been no intent to carve out an exception to the older National Bank Act limitation because there was nothing in the legislative history of the venue provisions of the Securities Exchange Act which indicated any consideration of the status of national banks. We interpret this lack of specific reference in a different fashion and believe that the failure to mention national banks in this setting implies a congressional intent to include them among those governed by the more liberal standards of the Securities Exchange Act. Indeed we note, as did the court in Levin v. Great Western Sugar Company, *supra,* that when it drafted the Act, Congress was aware that certain portions might be construed as applicable to banks and proceeded to make specific provisions for them. The absence of such an exception in the venue section speaks forcefully for the proposition that the banks also were to be affected by its more expansive sweep.

Further evidence that in the securities field Congress intended the special jurisdiction and venue section of the Act to be complete and exclusive may be found in the fact that power to hear cases arising under the statute was vested in the federal courts only as contrasted with the Banking Act which allowed litigation in state as well as the United States Courts.

The *Bruns* opinion referred to the cases of Mercantile National Bank v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L. Ed.2d 523 (1963), and Michigan National Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963), which dealt with conflicts between state venue acts and the National Banking Act. But in those discussions the Supreme Court was not considering the effect of the special venue section of the Securities Exchange Act. The differences between the two situations are obvious, and we

---

4. The final judgment was affirmed by this court at 406 F.2d 1112 (1969), cert. denied, 396 U.S. 848, 90 S.Ct. 56, 24 L.Ed. 2d 97, but the posture of the appeal was such that we were not called upon to rule on the venue issue.

5. *See also* the compilation of cases in Carpenter v. Hall, 352 F.Supp. 806 (S.D. Tex.1972) and 10 ALR Fed. 940.

6. *See* 15 U.S.C. § 78b for a statement of congressional purpose in enacting this statute.

think that the cases cited are not controlling in the present situation.[7]

Additionally, we are aware that the limited forum provided by the National Banking Act has been the subject of severe criticism. The American Law Institute, Study Of The Jurisdiction Between State And Federal Courts (1969), recommends repeal saying "There is no obvious reason why a national bank requires a unique and restrictive venue rule, and cannot be treated as is any other corporation for purpose of venue." (pp. 412, 413). *See also* An Assault On the Venue Sanctuary of National Banks, 34 George Washington Law Review 765 (1966).

We conclude, therefore, that the special and wide venue provisions of the Securities Exchange Act govern in a factual situation where a national bank is a party to the action, and therefore the District Court properly refused to dismiss the Bank. *Cf.* Robinson v. Penn Central Company, (3d Cir. 1973) 484 F.2d 553.

■ The other appellant, Franklin New York Corporation, which owns all of the stock of the Bank, does not contest venue but asserts that the district court erred in denying its motion to dismiss on the ground that the complaint failed to state a cause of action.

The trial court stated that the Franklin New York Corporation is "in league with defendant Sindona", who owns 21.6 percent of its stock and who thus controls it. The Court felt that at this preliminary stage of the litigation the motion for dismissal should be denied pending further development of the facts. In view of the complex nature of the relationship between the various defendants and the intricate financial arrangements, we find no error in this decision of the district court.

This opinion is in support of this court's judgment of July 24, 1973. See Ronson Corporation v. Liquifin, etc., Opinion of July 24, 1973 (3d Cir., 483 F.2d 846).

7. Similarly Helco v. First National Bank, 470 F.2d 883 (3rd Cir. 1972), did not deal with the problem of reconciling the

two venue provisions and is not in conflict with our decision here.