Mary KADER and Robert Kader

v.

The FIRST NATIONAL BANK OF FORT
MYERS Executor of the Estate of
William H. Merker, Deceased.

Civ. A. No. 74–64 Erie.

United States District Court,
W. D. Pennsylvania.

Jan. 20, 1975.

———◆———

John Wolford, Erie, Pa., for plaintiffs.

J. A. Katarincic, Pittsburgh, Pa., for defendant.

## OPINION

KNOX, District Judge.

In this diversity action plaintiffs, husband and wife, citizens and residents of Pennsylvania, sue the First National Bank of Fort Myers, Florida, as Executor of the Estate of William H. Merker, deceased, a national banking association with its principal place of business in Fort Myers, Lee County, Florida.

The complaint alleges that the said William H. Merker is now deceased but that in 1968 he came to Erie, Pennsylvania, and made a contract or promise to devise or bequeath one-half of his estate to plaintiff Mary Kader and to set plaintiff Robert Kader up in business, conditioned that they would leave Erie and care for him, taking up residence in Lee County, Florida, for this purpose. Plaintiffs state that in reliance upon this contract, they sold their home and business in Erie, the wife quit her job, they moved to Lee County, Florida, and performed the conditions of the promises until terminated by the decedent or performance was "otherwise made impossible" by the conduct of William H. Merker.

Plaintiff instituted suit in this court and caused the defendant to be served by certified mail upon the Pennsylvania Department of State and also by certified mail to the defendant at his address in Florida with an endorsement of service upon the Secretary of State. This

was in accordance with the provisions of the Pennsylvania Long Arm Statute adopted by the Pennsylvania Legislature, Act of November 15, 1972, No. 271, eff. 90 days thereafter (42 Purdon's Pa. Stats. 8301 et seq). In Section 8307, provision is made for service of process in this manner.[1]

Defendant thereupon filed a motion to quash the service of process or in the alternative to dismiss the complaint. The motion to quash is based upon failure to comply with Rule 2180(c) of the Pennsylvania Rules of Civil Procedure, 12 P. S. Appendix. The motion to dismiss is based upon improper venue under 12 U. S.C. § 94, the defendant being a national banking association which it is alleged can only be sued in the county or district wherein its principal office is located. Fort Myers is located as stated in Lee County, in the Middle District of Florida. We will deal with these two objections in order.

### (1) *Defective Service of Process.*

Rule 4(e) of the Federal Rules of Civil Procedure provides for service upon a party not an inhabitant of or found within the state where the district court in which the case was brought sits to be made in compliance with the state law. It is true that Rule 2180(c) of the Pennsylvania Rules of Civil Procedure does provide that:

> "[T]he court upon petition shall *authorize service* by registered mail directed to the Secretary of the Commonwealth and to the corporation or similar entity at its last registered address or principal place of business, or by publication as the court may direct."

This rule was last amended effective July 1, 1956.

1. "Process directed to persons under this chapter shall be served, by the officer to whom such process shall be directed, upon the Department of State, by sending by registered or certified mail, postage prepaid, a true and attested copy of such process, with the fee required by law, and by sending to the defendant, by registered or certified mail, postage prepaid, a true and attested copy thereof, with an endorsement thereon of the service upon the Department of State, addressed to such defendant at his last known address."

It is the court's opinion that plaintiff is correct in arguing that this rule has been superseded by the Long Arm Statute, Act of 1972, No. 271, above referred to which makes no provision for an order of court to authorize such service. In any event, no statute of limitations being involved, this matter is not too important since the court could authorize correction of a defective service by authorizing such service at this time. The Legislature, however, obviously has the right to modify a rule of court and therefore an Act of 1972 providing for such service without leave of court is in our opinion a superseding statute and since it was complied with in this case, the motion to quash service of process will be denied.

### (2) *Improper Venue.*

Before entering into a discussion of defendant's status as a national bank for venue purposes, it should be observed that jurisdiction over the person of the executor of this non-resident decedent under the Pennsylvania Long Arm Statute is questionable. Under Section 8304[2] a suit against a non-resident individual is only authorized if he has done business in this state on or after August 30, 1970. Here it is averred that the contract was made in 1968 and under Section 8306 rights against an individual's executor would rise no higher than those against him, unless the executor were exercising its powers in this state.[3]

In the affidavit which the court requested to be filed, the executor, the First National Bank of Fort Myers states that it is not conducting any business in Pennsylvania in this estate and has no assets in Pennsylvania. As a matter of fact, a copy of the inventory attached to the affidavit shows that the entire assets of the estate consist of intangibles apparently located in Fort Myers, Florida, plus $7,500 in jewelry.

It would therefore seem that since no contract was made in this state by the decedent on or after August 30, 1970, that neither this court nor the Pennsylvania State court have any jurisdiction over defendant's decedent or his executor. This matter, however, was not raised in the motion filed by the defendant. Instead the motion is solely to dismiss for improper venue under 12 U.S. C. § 94.

We think this defense raised by the defendant is well taken. In 12 U.S.C. § 94, it is provided:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Defendant is a national bank exercising fiduciary powers under the provisions of 12 U.S.C. § 92a which provides for the issuance of a special permit by the Comptroller of the Currency to authorize national banks, when not in contravention of state or local law to act as

---

2. "Any nonresident of this Commonwealth who, acting individually under or through a fictitious business name, or through an agent, servant or employee, shall have done any business in this Commonwealth on or after August 30, 1970, or a resident of this Commonwealth who shall have done business in this Commonwealth on or after August 30, 1970 and thereafter shall have become a nonresident of this Commonwealth or shall conceal his whereabouts, shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual, if and only if at the time the cause of action accrued or the harm or financial loss occurred, the nonresident or the resident who shall thereafter have become a nonresident, shall have been doing any business within this Commonwealth as heretofore provided. 1972, Nov. 15, P.L. —, No. 271, § 8304, eff. in 90 days."

3. See § 4103 of Pa.Probate & Fiduciaries Code, 20 Pa.Consol.Stats.

trustee, administrator or in any other fiduciary capacity in which state banks and so forth which come into competition with national banks are permitted to act under the laws of the state in which the national bank is located. 12 U.S.C. § 92(a) was a substitute for prior legislation authorizing national banks to exercise fiduciary powers when a state bank in its state was so authorized by state law.

The United States Supreme Court has been adamant in refusing to extend 12 U.S.C. § 94 beyond the plain meaning of the words contained therein. In Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L. Ed.2d 523 (1963), the court per Mr. Justice White reviewed the history of legislation permitting suits against national banks and pointed out that originally national banks as federal instrumentalities could only be sued as specifically authorized by an Act of Congress. The court said:

"National banks are federal instrumentalities and the power of Congress over them is extensive. 'National banks are quasi-public institutions, and for the purpose for which they are instituted are national in their character, and, within constitutional limits, are subject to the control of Congress and are not to be interfered with by state legislative or judicial action, except so far as the lawmaking power of the government may permit.' Van Reed v. People's Nat. Bank, 198 U.S. 554, 557, 25 S.Ct. 775, 776, 49 L. Ed. 1161. Unquestionably Congress had authority to prescribe the manner and circumstances under which the banks could sue or be sued in the courts and it addressed itself to this matter in the 1863 Act."

■ It was held that 12 U.S.C. § 94 was mandatory and not permissive and that a national bank could only be sued in the state, county or municipal court in the county or city in which the association is located. Again, in Michigan National Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963)

decided at the same term, the court held that a suit for usury involving the sale of house trailers in Nebraska could not be brought in Nebraska against a national bank located in Michigan even though the contracts had been made and the acts complained of occurred in Nebraska. The suit could only be brought in the home office of the bank in Michigan. Suits may, of course, be brought in appropriate circumstances in federal court in the district where the bank is located.

There appear to be two exceptions to this section. One where a bank consents to be sued or waives its defenses when sued in another court or where the action is a purely local action such as a suit relative to ownership of real estate. Neither exception is applicable here this being a transitory action to recover money or its equivalent and the bank having waived no defense.

We further learn on examining other cases construing this act that opening a branch bank or having a wholly-owned subsidiary or commission of a tort in a federal district other than the home district of the national bank does not amount to a waiver of the statute: Northside Iron and Metal Co., Inc. v. Dobson and Johnson, Inc. and Third National Bank, 480 F.2d 798 (5th Cir. 1973); nor does alleged violation of the securities laws in a district other than the home district create venue in that court: Bruns, Nordeman & Co. v. Amer. National Bank & Trust Co., 394 F.2d 300 (2d Cir. 1968); General Electric Credit Corp. v. James Talcott, Inc. and Franklin National Bank, 271 F.Supp. 699 (S.D.N.Y.1966); nor does acting as an indentured trustee; Rome v. Eltra Corp. and First National City Bank, 297 F.Supp. 314 (E.D.Pa.1969, Judge Higgenbottham).

Plaintiff would urge upon us that national banks when exercising fiduciary powers are not exercising their banking powers but should be subject to the same liabilities as a state bank. In this case, however, had a state bank been appointed executor of Mr. Merker's

estate, we would be unable to find jurisdiction as above noted and, in any event, we cannot uphold venue in this district in plain violation of 12 U.S.C. § 94 and the decisions of the United States Supreme Court as above noted. If there is any inequity in this situation in giving a national bank a preferred position vis-a-vis a state bank in the same state, it is a matter for Congress to consider in determining whether to amend the act.

In this case it does not seem unfair to require the plaintiffs to present their suit to the circuit court in Lee County, Florida or to the United States District Court for the Middle District of Florida which sits, inter alia, at Fort Myers. After all the plaintiffs knew when they entered into this contract with the deceased that it would require performance in Florida and they did go to Florida and allegedly performed their part of the bargain there. During this time, they must have been residents of Florida and a breach of the contract, if any, occurred in Florida. Under these circumstances, we perceive no inequity in requiring plaintiffs to go to Florida with their case.