Craig T. McFARLAND, Trustee for Capital Growth Trust, on behalf of himself and all others similarly situated, Plaintiff,

v.

MEMOREX CORPORATION et al., Defendants.

No. C–79–2007–WAI.

United States District Court, N. D. California.

Feb. 12, 1980.

David B. Gold argued, Paul F. Bennett, George Donaldson, David L. Braverman, San Francisco, Cal., for plaintiff.

Haley J. Fromholz argued, Pamela R. Federman, Morrison & Foerster, San Francisco, Cal., for First Nat. Bank of Minneapolis, The First Nat. Bank of Chicago and Republic Nat. Bank of Dallas.

### ORDER

INGRAM, District Judge.

Plaintiff brings this action on behalf of a class against 42 defendants for alleged violations of numerous sections of federal and state securities laws. Three defendants, First National Bank of Minneapolis, The First National Bank of Chicago, and Republic National Bank of Dallas, have moved to dismiss for improper venue. For the reasons discussed herein, the Court concludes that the motion must be granted.

The moving defendants are nationally chartered banks, governed by the National Bank Act, 12 U.S.C. § 21–213. Section 94 of the Act provides in part:

> Actions and proceedings against any [national banking] association [chartered] under this chapter may be had in any district or Territorial court . . . in which such association may be established.

12 U.S.C. § 94.

■ The venue provisions of section 94 are mandatory and exclusive. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 152, 96 S.Ct. 1989, 1992, 48 L.Ed.2d 540 (1976); *Mercantile Nat'l Bank v. Langdeau*, 371 U.S. 555, 562, 83 S.Ct. 520, 524, 9 L.Ed.2d 523 (1963); *Michigan Nat'l Bank v. Robertson*, 372 U.S. 591, 594, 83 S.Ct. 914, 915, 9 L.Ed.2d 961 (1963). Venue is clearly improper with respect to these three national bank defendants unless the court finds that they have waived the exclusive venue provisions of § 94.

Plaintiff argues that the defendants are amenable to suit in this district because they have "deliberately transacted business in this forum," particularly regarding the subject matter giving rise to this suit. Plaintiff's Memorandum at 5 (filed Oct. 24, 1979). In addition, First National Bank of Chicago allegedly maintains representative offices in this district and Republic National Bank allegedly "engaged in loan production in this district and also sells travelers' checks and money orders here through an affiliate." However, these assertions are all based on the hearsay declaration of plaintiff's counsel, and have not properly been verified to this Court. *See* Declaration of David L. Braverman in Opposition to Motion to Dismiss for Improper Venue (filed Oct. 24, 1979).

The controlling Ninth Circuit opinion is *Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335 (9th Cir. 1976). The court held:

If proof of a waiver rests on one's acts, "his act[s] . . . should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible." *Buffum v. Chase National Bank of City of New York*, 192 F.2d 58, 61 (7th Cir. 1951), *cert. denied*, 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952).

*Id.* at 1340.

The court held that the bank's limited use of the Arizona courts was insufficient to evidence an intended waiver. The court distinguished *Reaves v. Bank of America*, 352 F.Supp. 745 (S.D.Cal.1973), by noting that in the latter the court properly held that the bank could not rely on section 94 after it "had sued and been sued in that district hundreds of times without ever raising a venue objection." 534 F.2d at 1340. In this case, there is no evidence that these bank defendants have availed themselves of the California courts or otherwise demonstrated an unmistakable intention to waive the section 94 venue provisions.

Even if the fact that First National Bank of Chicago allegedly has representative offices in this district were properly before this Court, this alone would not suffice for a finding of waiver. *Northside Iron & Metal Co. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973).

Likewise, the fact that Republic National Bank allegedly sells travelers' checks and money orders in this district through a subsidiary is irrelevant.

The creation of a wholly owned subsidiary [by a bank] to do business in [a state in which the bank does not reside] indicates an intention to preserve, rather than waive, the bank's right to be sued in [its home district].

*Fisher v. First National Bank*, 338 F.Supp. 525, 531 (S.D.Iowa), *appeal dismissed*, 466 F.2d 511 (8th Cir. 1972).

Plaintiff argues that Section 94 is outmoded and that waiver consequently should be found easily. However, the Ninth Circuit recently reversed a district court holding consonant with this approach.

The decision reached by the district judge may reflect the more desirable position, but if the national banks and the courts are to be placed in that position, it must be the Congress that puts them there.

*United States Nat'l Bank v. Hill*, 434 F.2d 1019, 1020–21 (9th Cir. 1970).

In sum, plaintiff simply has not presented adequate evidence for this Court to find that these defendants have waived the exclusive venue provision of section 94. Indeed, the Court notes that there are *no* allegations in the complaint addressing the venue considerations peculiar to these defendants. *See* First Amended Complaint ¶ 3 (filed Aug. 8, 1979).

■ Plaintiff argues that if venue is improper, transfer pursuant to 28 U.S.C. § 1406(a) is the proper remedy, not dismissal. Section 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Plaintiff contends that the Court should exercise its discretion to transfer because the interests of justice so require. If the case is dismissed, "plaintiff *may* face arguments that the class will be time barred from filing a similar suit in those districts by a one (1) year statute of limitations (15 U.S.C. § 77m) and therefore would be severely prejudiced by the dismissal of this action." Plaintiff's Memorandum at 8 (filed Oct. 24, 1979) (emphasis added).

However, this suit must be viewed in its context. This is a complex securities action involving millions of dollars and the alleged misdeeds of dozens of individuals and entities. Plaintiff's complaint has not survived motions to dismiss on the merits. Plaintiff has made no allegations regarding Section 94 venue and waiver with respect to these defendants. Indeed, there is no indication that plaintiff even considered the question

of venue. This Court concludes that it would be more unjust to allow plaintiff to file its suit here and then have it transferred because a statute of limitations "may" have run. Plaintiff has not contended that his entire suit against these defendants would be time-barred; he merely raises one possible defense, and is silent with respect to his numerous other state law and securities act claims.

One court has analyzed the problem in the following terms:

> If it is an "abuse" of the procedure provided by Section 1406(a), *supra*, for "a plaintiff (to) deliberately bring a suit in the wrong division or district" and then request a "transfer of the case to the court where 'it could have been brought,'" under the circumstances related in the Senate Report, *supra*, what can be said as to the commencement of an action in a district where the plaintiff has no reasonable cause to believe that service of process can be had on the defendant in the district, and who thereafter requests that the action be transferred to a district where he can obtain service to forestall the running of a statute of limitation in the transferee forum? A mere statement of that proposition leads one to conjure such a vast avenue of "injustice" being opened if any sanction is ever given to such practice, that no recital of instances is seemingly necessary.

*Skilling v. Funk Aircraft Co.*, 173 F.Supp. 939, 942–43 (W.D.M.1959). *See also Jones v. Radio Corp. of America*, 129 F.Supp. 440 (S.D.N.Y.1955). This Court concurs in that analysis.

As already stated, this complaint has not survived a motion to dismiss on the merits. It would be unjust to transfer the complaint to three other districts and require these defendants to argue separate motions to dismiss on the merits. Plaintiff has the responsibility to file a legally sufficient complaint both substantively and with respect to jurisdiction and venue. Neither was done here.

The Court grants the motion to dismiss for improper venue. In addition, the Court incorporates herein its opinion filed concurrently on the other motions to dismiss. Any amended complaint filed against these defendants must comply with this Court's ruling as expressed therein.

So ordered.