**BOONE & RODGERS, INC.**

v.

**The NATIONAL BANK OF WASHINGTON.**

**Civ. No. K–80–1534.**

United States District Court,
D. Maryland.

Nov. 20, 1980.

Edward P. Murphy, Baltimore, Md., for plaintiff.

Michael D. Colglazier and Miles & Stockbridge, Baltimore, Md., and James C. Treadway, Jr., and Dickstein, Shapiro & Morin, Washington, D. C., for defendant.

FRANK A. KAUFMAN, District Judge.

Defendant has moved to dismiss this diversity action alleging lack of venue under 12 U.S.C. § 94. Plaintiff contends that that motion was not filed within 20 days of service of the complaint as provided by Federal Civil Rule 12(a). However, service hereunder was effected pursuant to a combination of Federal Civil Rules 4(e) and 12(a) and Maryland Rule of Procedure 107(a)(2) and (b). Thereunder, defendant is permitted 60 days within which to respond to plaintiff's complaint. *See* 5 Wright & Miller, Federal Practice and Procedure § 1346. Herein defendant was served on June 25, 1980 and responded less than 60 days thereafter on August 4, 1980. Accordingly, since defendant timely filed its venue motion to dismiss, the merits of the issue presented by defendant are appropriately before this Court.

Chapter 2 of Title 12 of the United States Code relates to national banks of which defendant is one. 12 U.S.C. § 94 provides:

*Venue of suits*

Actions and proceedings against any association under this chapter may be had

in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

12 U.S.C. § 94 permits a suit against a national bank in a federal district court only in the district in which it is "established".[1] Defendant has no office or branch in Maryland, or indeed anywhere except in the District of Columbia. Accordingly, under 12 U.S.C. § 94 venue is not present.[2]

As an alternative to dismissal in the event venue in this Court is absent, plaintiff asks that this action be transferred under 28 U.S.C. § 1406[3] to the United States District Court for the District of Columbia, where venue is seemingly proper. Defendant states that it has no objection to such transfer. Accordingly, the within case will be transferred to the United States District Court for the District of Columbia.

Finally, defendant asks for an award of attorneys' fees in connection with the motion to dismiss. Defendant contends that such an award is necessary in order to protect it and others similarly situated from the inconveniences and costs of a suit against a national bank brought in a wrong federal district court. However defendant cites no cases, nor has this Court found any case, in which attorneys fees have been awarded in connection with a motion to dismiss under 12 U.S.C. § 94 for want of venue. The purpose of that venue provision is to protect a national bank from the disruption and inconvenience of having to produce its records in distant litigation. *Citizens and Southern National Bank v. Bougas*, 434 U.S. 35, 44, 98 S.Ct. 88, 93, 54 L.Ed.2d 218 (1977); *The First National Bank of Charlotte v. Morgan*, 132 U.S. 141, 145, 10 S.Ct. 37, 38, 33 L.Ed. 282 (1889). That interest has been minimally (at best) implicated by the litigation of the within motion to dismiss. While all members of the bar should avoid the type of error made herein by counsel for plaintiff, nevertheless, in the absence of any indication of intentional harassment or bad faith attributable to plaintiff or its counsel, and in the absence of any indication that errors of the type involved herein occur with any degree of frequency, defendant's quest for attorneys' fees may not prevail.

---

1. Until recently (apparently) the rule was that insofar as venue of a federal or state court is concerned, a national bank was "established" and "located" only in the district where it maintained its principle place of business. *See United States National Bank v. Hill*, 434 F.2d 1019 (9th Cir. 1970), and the cases cited therein. *See also Anthony v. Drovers National Bank of Chicago*, 405 F.Supp. 626 (D.C. 1975). The principle place of business of a national bank is the place designated in its charter. *Citizens and Southern National Bank v. Bougas*, 434 U.S. 35, 39, 98 S.Ct. 88, 91, 54 L.Ed.2d 218 (1977) and cases cited therein. *See generally* 15 Wright & Miller, Federal Practice and Procedure § 3813. In *Citizens and Southern National Bank v. Bougas, supra*, the Supreme Court held that a national bank is "located," for the purposes of a suit in a state court, not only in the place named in the charter, but also in any place where it has a branch office. However, Mr. Justice Blackmun noted in *Citizens* (at 39, 98 S.Ct. at 91) that the Supreme Court did not reach in *Citizens* the question of whether a bank is "established," in a federal district in which the bank has a branch office. *See* 15 Wright & Miller, § 3813, *supra* (pocket part). Nor need that issue be reached herein since defendant has no branch or office other than in the District of Columbia.

2. There is a judicially created exception to § 94 for local as opposed to transitory actions. *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880). However, that exception applies to actions such as those requiring determination of interests in property located within the jurisdiction of the forum court, *see Michigan National Bank v. Robertson*, 372 U.S. 591, 593-4, 83 S.Ct. 914, 915, 9 L.Ed.2d 961 (1963), and not to commercial contract actions of the type involved herein. *See First National Bank of Boston v. United States District Court*, 468 F.2d 180, 183 (9th Cir. 1972).

3. Plaintiff cites 28 U.S.C. § 1404; however the applicable section when venue is lacking in the transferror court is § 1406. Defendant's transfer motion will therefore be considered as brought under § 1406.