Harold WEINER, Plaintiff,

v.

J. SHAPIRO COMPANY et al., Defendants and Third-Party Plaintiffs,

v.

Morris SHECHTMAN, Third-Party Defendant.

No. 71–C–478.

United States District Court,
E. D. Wisconsin.

Aug. 16, 1972.

See also D.C., 341 F.Supp. 397.

Marvin Resnick, Milwaukee, Wis., for Weiner.

Quarles, Herriott, Clemons, Teschner & Noelke, by George K. Whyte, Jr., and Stephen Z. Surridge, Milwaukee, Wis., for defendants and third-party plaintiffs.

Samson, Friebert, Sutton & Finerty, by Robert H. Friebert, Milwaukee, Wis., for third-party defendant.

**484**

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The third-party defendant has moved to dismiss the third-party complaint, alleging that the action was not commenced until after the statute of limitations had run. It is also claimed that the third-party complaint fails to state a claim upon which relief may be granted.

The third-party complaint alleges that Mr. Shechtman, a Wisconsin securities broker, as agent for the plaintiff Weiner, caused the defendants reasonably to believe that the sale of certain securities would not be in violation of the Wisconsin securities laws; that this belief was caused by Mr. Shechtman's representation that he was an experienced Wisconsin securities broker and by unspecified false representations and omissions. This transaction allegedly occurred during September, 1968.

The third-party defendant's argument that the instant action is barred by the statute of limitations must fail. I believe that the gravamen of the instant complaint is fraud rather than a violation of the Wisconsin securities law. Accordingly, the six year limitation provided by Wis.Stats. § 893.19(7) is applicable instead of the three year provision of § 551.59(5).

There are two flaws in the third-party complaint which would provoke dismissal unless cured by amendment. Although the third-party plaintiffs allege that Mr. Shechtman made false representations and omissions in connection with the sale of certain securities, there is no allegation in the third-party complaint or in a supporting affidavit that the third-party plaintiffs relied upon such representations or omissions. A false representation must be relied and acted upon in order to be actionable. Peters v. Kell, 12 Wis.2d 32, 42, 106 N.W.2d 407 (1960).

The second flaw relates to Rule 9(b), Federal Rules of Civil Procedure, which requires all averments of fraud be stated with particularity; as presently framed, the third-party complaint fails to do this. For example, there is no statement as to the content of the false representations or what was given up or obtained as a consequence of the fraud. See United States v. Hartmann, 2 F.R.D. 477 (E.D.Pa.1942); 2A Moore's Federal Practice ¶ 9.03 (1968).

I believe that the third-party plaintiffs should be permitted to amend their complaint and only upon their failure to do this should the order for dismissal be granted.