**HELCO, INC. and James W. Potter,**
**Appellees,**

**v.**

**FIRST NATIONAL CITY BANK,**
**Appellant.**

**No. 71-2154.**

United States Court of Appeals,
Third Circuit.

Submitted Oct. 16, 1972.

Decided Dec. 27, 1972.

William C. Loud, Loud, Campbell & Dennenberg, Charlotte Amalie, St. Thomas, V. I., for appellant.

William W. Bailey, Bailey, Wood & Rosenberg, Charlotte Amalie, St. Thomas, V. I., for appellees.

Before GIBBONS, JAMES ROSEN,[*] Circuit Judges and LAYTON, Senior District Judge.

## OPINION OF THE COURT

LAYTON, District Judge.

This is an appeal from an order of the District Court of the Virgin Islands, 333 F.Supp. 1289, denying defendant's motion to dismiss for lack of jurisdiction. The facts are these. Helco, Inc., and James W. Potter (hereinafter Helco) brought suit in the District Court of the Virgin Islands against the defendant First National City Bank, based on a contract to build a house in Charlotte Amalie as a residence for the bank's local business manager. Defendant moved to dismiss on the ground that, under the provisions of 12 U.S.C. Section 94,[1] a nationally chartered bank can be sued only in the district in which it is established, in this case, the Southern District of New York.

The District Court, although devoting some time to a discussion of the point, did not actually decide it, stating in effect that were he to decide it, his interpretation of Section 94 would differ from that expressed by the majority view. He ultimately disposed of the case by holding that the defendant, by

---

[*] Judge Rosen participated in the conference following the argument of this case but died before this opinion was filed.

1. "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established . . . . "

establishing a branch office in the islands and conducting a banking business there, had waived the immunity, if any, afforded by Section 94.

Although this jurisdictional question is, thus, not squarely before us, we think much time may possibly be saved if we dispose of this issue here and now.

■ Despite its seemingly permissive language, an examination of the cases indicates that the solid majority of the decisions, both federal and state, have construed Section 94 as requiring that national banks be sued only in the district in which they are chartered and have their principal place of business. Michigan Nat. Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963); Mercantile Nat. Bank v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L. Ed.2d 523 (1963); United States National Bank v. Hill, 434 F.2d 1019 (9th Cir. 1970); Bruns, Nordeman & Co. v. American National Bank & Trust Co., 394 F.2d 300 (2d Cir.), cert. denied, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968); Buffum v. Chase Nat. Bank, 192 F.2d 58 (7th Cir. 1951), cert. denied, 342 U.S. 944, 72 S.Ct. 558, 96 L. Ed. 702 (1952); Leonardi v. Chase National Bank, 81 F.2d 19 (2d Cir.), cert. denied, 298 U.S. 677, 56 S.Ct. 941, 80 L. Ed. 1398 (1936); General Electric Credit Corp. v. James Talcott, Inc., 271 F.Supp. 699 (S.D.N.Y.1966).

We agree with the District Court that there is nothing in the meager record here to support the finding that this is a local action in nature.[2] Accordingly, unless the bank waived the protection of Section 94, the only proper venue for this action is in the Southern District of New York.[3]

■ However, we are unable to agree with the lower Court's conclusion that the defendant merely by establishing a branch bank in the Virgin Islands and conducting a banking business there has waived its rights under the venue provision of Section 94.

Buffum v. Chase Nat. Bank of the City of New York, *supra*, involved a situation in which a bank established in New York and doing a trust business in Illinois had authorized its registered agent to accept service of process in suits relating to the trust business. The Court said this:

"... So our question in this respect is,. did defendant, by qualifying for the limited purpose of doing trust business in Illinois, intend to waive its right to be sued in a transaction which on its face does not purport to grow out of such trust business? Here the defendant was authorized to do only a trust business in Illinois. It consented to be sued there as to transactions growing out of that purpose and thereby waived its privilege to be sued only in New York upon any matter arising out of its trust business transacted in Illinois. The court found that no such matter was involved in the present suit. On the face of the complaint, it is clear that this is a suit to recover damages for breach of contract.[4] We agree, therefore, with the District Court that the litigation did not involve any trust business in the state of Illinois. We are of the further opinion that defendant, by its acts, evinced no intention to waive in its entirety the privilege it had under the laws of being sued only in New York. We can not

---

2. Purely local actions are an exception to the rule that a national bank may be sued only in the district of its "establishment." Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52 (1880).

3. The lower court acknowledged the existence of the strong line of authority above cited but felt that the law should be to the contrary. There is merit to this

position. See dissent by Justice Black in *Michigan National Bank, supra*, 372 U.S. at 594, 83 S.Ct. 914 et seq., but, in our view, this is a matter for Congressional action.

4. In this case the contract, very similar to the case at bar, was an agreement to build a church.

attribute to it an intent to waive anything other than what it did actually waive in consenting to be sued in Illinois in connection with trust business transacted in that state." (*Buffum, supra,* 192 F.2d p. 61.)

In the case at bar, the District Court made no express findings of fact on the question of waiver contenting itself with the bare conclusion that a national bank, by establishing a branch in another location and doing business there, without more, has waived the protection of Section 94. We think *Buffum* by necessary inference is to the contrary. It is axiomatic that a waiver is a voluntary and intentional relinquishment or abandonment of a known right. Here the record is bare of any fact or inference indicating that, aside from its operation of a branch bank on St. Thomas, defendant intended to waive its clear right to be sued only in its home district of New York. We do not think that the requisite intent to waive this venue right can be implied merely from the act of doing business outside the district in which the bank is established. If this were true, each of the seven decisions above cited would have had to result in a finding of implied waiver for the reason that in each case, the defendant bank was being sued in a district in which it was doing business but other than that where the main bank was established.

Concededly, there are cases to the contrary. Frankford Supply Co. v. Matteo, 305 F.Supp. 794 (E.D.Pa.1969); Lapinsohn v. Lewis Charles, Inc., 212 Pa.Super. 185, 240 A.2d 90 (1968). But they do not represent the weight of authority.[5]

The decision of the District Court will be reversed.

5. Although we do not feel it necessary to decide, it may be fairly argued that both Courts arrived at the proper result by erroneous reasoning. The suits in each case were not actions in personam against the defendant banks but an effort by way of garnishment to seize a res belonging to the real defendant, debtor, which was on deposit at the branch bank in Philadelphia. Thus viewed, the garnishment might be treated as a local action and, thus, an exception to the rule. Compare Chateau Lafayette Apartments, Inc. v. Meadow Brook Nat'l Bank, 416 F.2d 301 (5th Cir. 1969).