**GRENADA READY–MIX CONCRETE, INC., Plaintiff,**

v.

**Charlie WATKINS et al., Defendants.**

**No. WC 76–128–K.**

United States District Court, N. D. Mississippi, W. D.

Feb. 11, 1977.

---

**6.** The opinion of the Court reflected much of what Judge Widener stated in his dissenting opinion, 519 F.2d at 668–669.

**532**

Grady F. Tollison, Jr., Oxford, Miss., for plaintiff.

Robert J. Walker, Nashville, Tenn., Earl Keyes, Jackson, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, Chief Judge.

The court has before it the motion of First American National Bank (First American) to transfer this cause to the United States District Court for the Middle District of Tennessee pursuant to 12 U.S.C. § 94 and 28 U.S.C. § 1404(a). In this regard, consideration of the factual background leading to the filing of said motion is essential to the proper disposition thereof.

The plaintiff, Grenada Ready-Mix Concrete, Inc., alleges in its complaint negligent and fraudulent conduct on the part of Guaranty Mortgage Company (Guaranty) in connection with a loan made to defendant, Charlie Watkins. Such conduct is alleged to have occurred in Mississippi during 1973, 1974 and 1975. Moreover, during those years, Guaranty was the subsidiary of First American and, being a foreign corporation, was licensed to do business in Mississippi. On March 22, 1976, Guaranty's certificate of authority to do business in Mississippi was, at its instance, formally terminated. Subsequently, on November 9, 1976, Guaranty was dissolved, pursuant to which dissolution proceedings its assets and liabilities were assumed by its sole shareholder and parent, First American. Then, on December 23, 1976, the complaint was filed in this cause.

First American, not named as a defendant herein, now urges that 12 U.S.C. § 94

mandates transfer of this action because it, as successor corporation to Guaranty's assets and liabilities, must be joined and, thus, being a national banking association, it is entitled to the mandatory immunity from foreign suits that is provided for such organizations by § 94 of Title 12.

At this point, it is significant to note that, despite the fact that both Guaranty's authority to do business in Mississippi and its existence as a corporate entity under the laws of Tennessee were terminated before this action was commenced, it was, and remains, a suable entity under Mississippi Law. Miss.Code Ann. § 79–3–209 (1972) provides for suits against dissolved corporations to be maintainable within the applicable period of limitation which is in this case six years next after the tortious cause of action occurred, Miss.Code Ann. § 15–1–49 (1972). Therefore, we must determine whether a national banking association can claim the protection of § 94's special venue provision where, though venue is properly laid under the general venue statute, the association assumes the assets and liabilities of its wholly owned non-bank subsidiary before suit was commenced in the foreign forum, but where, as here, the dissolved subsidiary remains a suable entity in the foreign jurisdiction as to claims which arose before its dissolution. We conclude that it cannot.

Title 12 U.S.C. § 94 provides in relevant part:

> Proceedings against [national banks] may be had in any district . . . court of the United States held within the district in which such bank may be established.[1]

 This statute has been interpreted strictly, and its immunity mandatorily applied. See *Mercantile National Bank v. Longdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). Nevertheless, it has long been recognized that national banks can waive the protection afforded by the

---

1. "Federal courts have consistently ruled that the . . . home office is determinative of the district in which the bank is 'established' . . . ." *Radzanower v. Touche, Ross & Co.,* 426 U.S. 148, 151, 96 S.Ct. 1989, 1992, 48

L.Ed.2d 540, 545, n. 2 (1976). If § 94 applies, the Middle District of Tennessee is the proper transferee district since First American's home office is located there.

special venue provision of Section 94 by either express declaration or by conduct which demonstrates voluntary and intentional abandonment of said protection, *Northside I & M Co. v. Dobson and Jacobson, Inc.,* 480 F.2d 798, 800 (5th Cir. 1975). However, establishing a branch bank and committing a tort in a foreign jurisdiction have been held insufficient to constitute waiver of Section 94 immunity. *Helco, Inc. v. First National Bank,* 470 F.2d 883, 884 (3rd Cir. 1972) (branch bank); *Northside I & M Co., supra* (tort). These cases, though, involved attempts to contravene the specific guarantee of immunity by bringing actions against national banking associations in foreign venues. The present case is very different, for here, the national bank, though not named as a defendant, seeks to defeat venue by virtue of its subsidiary's certificate of authority to do business in Mississippi being terminated and its absorbing the assets and liabilities of this subsidiary following a Tennessee dissolution proceeding. When juxtaposed with the fact that under applicable law, Miss.Code Ann. § 79–3–209 (1972), Guaranty, the subsidiary, remained a suable entity at the time suit was filed, and continues to so remain, the illogic of First American's position becomes apparent. Indeed, on consideration of the law applicable to the legal obligations of the now-dissolved subsidiary, we must conclude that that company, not First American, is the entity against which this proceeding is properly maintainable. Miss.Code Ann. § 79–3–209 (1972). See *Rawlings v. American Oil Co.,* 161 So. 851, 854 (Miss.1935). The fact that recovery may be had against Guaranty only to the extent of any of its property located in Mississippi underscores this conclusion. See *Rawlings,* supra. Therefore, as this

record clearly shows, First American has no basis[2] for its seeking transfer of this cause.[3]

ORDERED:

That the motion of First American National Bank to transfer this cause to the United States District Court for the Middle District of Tennessee is hereby denied.

**2.** Even assuming *arguendo* that First American is an indispensible party to this litigation under F.R.C.P. 19(a), its acceptance of Guaranty's legal obligation in the face of law which continues Guaranty's existence for suit purposes appears sufficient to constitute a waiver of its Section 94 immunity. However, we note that Rule 19(a) is not applicable here since there is no method by which First American could properly be served with process under either federal or Mississippi rules, thus negating any assertion that it is a person who is subject to

service of process for Rule 19(a) purposes. See F.R.C.P. 19(a); 4(d)(3)2, 7; Miss.Code Ann. §§ 79–1–27, –29, –3–229 (1972).

**3.** Since we reach this conclusion there is no need to consider plaintiff's argument as to the alleged unconstitutionality of Section 94. We note, however, that the Fifth Circuit has recently rejected such an allegation. *Northside I & M Co. v. Dobson and Jacobson,* 480 F.2d 798, 800 (5th Cir. 1973).