AXEL CORNELIUS and ROMA N. CORNELIUS, Plaintiffs

v.

BANK OF AMERICA, Defendant

Civil No. 1980/63

District Court of the Virgin Islands

Div. of St. Croix

July 16, 1980

BERTRAM L. CHARLES, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

GEOFFREY W. BARNARD, ESQ. (ISHERWOOD, ALKON, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge By Designation*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This is an action for the alleged wrongful dishonor of certain checks drawn by plaintiff on defendant bank. It is before the court on motion of defendant to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Defendant's motion will be denied.

Defendant is a national banking association organized under the National Bank Act, as amended, which is now set forth in Chapter 2 of Title 12 of the United States Code. Legal proceedings against it are subject to the venue provision of 12 U.S.C. § 94:

> Actions and proceedings against any association under this chapter *may be had in any district or Territorial court of the United States held within the district in which such association may be established,* or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases. (Emphasis added.)

Defendant argues that it is "established" only in the district in which it is chartered and has its principal place of business, the Northern District of California, and may be sued only in that district. In support of this proposition defendant cites Helco, Inc. v. First National City Bank, 470 F.2d 883 (3d Cir. 1972), in which the United States Court of Appeals for the Third Circuit reversed a decision of this court denying a similar motion to dismiss made by a nationally chartered bank. Plaintiff, however, argues that defendant is "established" in this district by virtue of the existence here of one of its branch banking facilities. Alternatively, plaintiff contends that defendant has waived its venue privilege by doing business in this district. Resolution of the issues thus raised by defendant's motion requires close examination of the language and legislative history of 12 U.S.C. § 94 as well as the applicable case law.

### INTERPRETATION OF 12 U.S.C. § 94

A. *Legislative History*

The language of the first part of section 94 concerning suits in "any district or Territorial court of the United States" first appeared in the Act of February 25, 1863, c. 58, § 59, 12 Stat. 681:

> SEC. 59. . . . That suits, actions, and proceedings by and

against any association under this act may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established.

The language of the second portion dealing with actions in state courts appeared the following year in the Act of June 3, 1864, c. 106, § 57, 13 Stat. 116, 117:

> SEC. 57. . . . That suits, actions, and proceedings, against any association under this act, may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be *established;* or in any state, county or municipal court in the county or city in which said association is *located,* having jurisdiction in similar cases: Provided, however, That all proceedings to enjoin the comptroller under this act shall be had in a circuit, district, or territorial court of the United States, held in the district in which the association is *located.* (Emphasis added.)

It will be observed that in providing for actions in state courts, the word "located" was used rather than the word "established." The word "located" was also used in providing for federal venue in injunction suits against the comptroller. The explanation for the use of two different terms is obscure.

This section was omitted from the Revised Statutes of 1873, apparently through oversight. However, virtually identical language[1] was added to section 5198 of the Revised Statutes by the Act of February 18, 1875, c. 80, 18 Stat. 320, omitting only that portion of the 1864 Act which dealt with federal venue of injunction suits against the comptroller.[2] This same language, virtually unchanged since 1864, now appears as 12 U.S.C. § 94.[3]

B. *Judicial Precedent*

It was not until national banks received authorization to establish branch banks[4] that courts had reason to consider whether, for

---

[1] Section 5198 substituted the word "title" for "act" and slightly altered the punctuation.

[2] An equivalent provision now appears at 28 U.S.C. § 1394.

[3] The reference in section 5198 of the Revised Statutes to venue in the circuit courts of the United States was deleted by operation of the Act of March 3, 1911, c. 231, § 291, 36 Stat. 1167.

[4] National banks were empowered to establish branches in foreign countries, dependencies and insular possessions by the Act of December 23, 1913, c. 6, § 25, 38 Stat. 273. They were authorized to established domestic branches by the Act of February 25, 1927, c. 191, § 7, 44 Stat. 1228. However, it was not until the

section 94 federal venue purposes, a national bank was "established" at the place where it maintained a branch office as well as at its principal place of business.[5] The first such case was Leonardi v. Chase National Bank of City of New York, 81 F.2d 19 (2d Cir. 1936), cert. denied, 298 U.S. 677 (1936). In that case it was held, without meaningful discussion of the language or history of the relevant legislation, that for the purposes of section 94 a national bank is "established" only in the district in which it maintains its principal place of business as authorized in its charter. In so doing, the court relied entirely on the decision in National City Bank v. Domenech, 71 F.2d 13 (1st Cir. 1934), which held that for the purposes of determining the tax situs of a national bank which maintained branch offices in Puerto Rico, such bank was "located" not in Puerto Rico but in the state wherein it maintained its principal place of business, New York. It will be observed that in construing the word "established", the Leonardi court relied entirely on a case which had construed the word "located", apparently assuming that the terms were synonymous. Moreover, the court's reliance on Domenech was by way of a questionable analogy. Since 1936 four Circuit Courts of Appeal have followed Leonardi.

In Buffum v. Chase National Bank of City of New York, 192 F.2d 58 (7th Cir. 1951), cert. denied, 342 U.S. 944 (1952), the court relied, without discussion, on the holding of Leonardi. It also cited Cope v. Anderson, 331 U.S. 461, 467 (1947), for the same general proposition. A review of that case, however, reveals that the Supreme Court was dealing with a conflict of laws issue wholly unrelated to the question of federal venue raised in Buffum. The portion of Mr. Justice Black's opinion which was quoted by the Seventh Circuit refers to 12 U.S.C. § 94 only in making an analogy, and does not address the question of whether a national bank may be "established" in any district other than that in which it maintains its home office.[6]

In United States National Bank v. Hill, 434 F.2d 1019 (9th Cir. 1970), the court stated, without discussion, that a national bank is "established" or "located" only where it maintains its principal place

---

passage of the Act of June 16, 1933, c. 189, § 23, 48 Stat. 189, 190 that domestic branches could be established beyond the limits of the "city, town, or village" specified in the bank's organization certificate.

[5] See Citizens & Southern National Bank v. Bougas, 434 U.S. 35 (1977), note at page 46. (Mr. Justice Stewart, concurring.)

[6] Cope has similarly been inappropriately cited by numerous courts.

of business, and not where it has established branch offices. The principal authorities relied upon were Leonardi and Buffum. As did the Leonardi court, the Hill court assumed that the terms "established" and "located" were functionally equivalent.

In Helco, Inc. v. First National City Bank, 470 F.2d 883 (3d Cir. 1972), the Court of Appeals for this circuit followed time honored precedent in stating that national banks could be sued "only in the district in which they are chartered and have their principal place of business."[7] Id. at 884. Among the authorities cited were Leonardi, Hill and Buffum.[8] As did the courts which preceded it, the Third Circuit assumed that the terms "established" and "located" were synonymous.

In Northside Iron and Metal Co., Inc. v. Dobson and Johnson, Inc., 480 F.2d 798 (5th Cir. 1973), the court followed the holding of Leonardi, citing Buffum and Hill.[9] In its opinion the court equated the terms "established" and "located".

 The issue now faced by this court—whether a national bank is "established" for federal venue purposes in a district in which it maintains a branch bank—has never been addressed by the Supreme Court.[10] In a recent case, however, the Court unanimously held that for purposes of state court venue a national bank is "located" in a county in which it maintains a branch bank. Citizens & Southern National Bank v. Bougas, 434 U.S. 35 (1977). In doing so, the Court declined to address the question of whether the term "established", which appears in the federal venue clause of section 94, is functionally synonymous with the term "located", as used in the state venue clause. Although portions of the Court's opinion seem

---

[7] This portion of the opinion is obiter dictum in that this issue was not before the court on appeal. See the first full paragraph, 470 F.2d at 884.

[8] Also cited were Michigan National Bank v. Robertson, 372 U.S. 591 (1963) and Mercantile National Bank v. Langdeau, 371 U.S. 555 (1963). These cases dealt not with federal venue but with state court venue under section 94. Moreover, neither case addressed the question of whether a national bank is "established" or "located" where it maintains branch offices. Rather, these cases held that the application of section 94 was mandatory despite the fact that the language of the section is permissive. See Citizens & Southern National Bank v. Bougas (note 5, supra) at 38, 39 and 42.

[9] The court also cited Langdeau and Robertson, note 8, supra.

[10] The Court denied certiorari in Leonardi and Buffum. Various inapposite Supreme Court cases have been relied upon as though controlling on this issue, however. See notes 6 and 8, supra.

to imply that the two terms could possibly be distinguished, this question was left open.[11]

Bougas was a watershed case in the history of litigation involving national banks. Until 1977, persons in the United States were all too often denied a forum in which to adjudicate meritorious claims against national banks even though such banks operated branch facilities within their communities and were afforded full access to local courts in litigating their own claims. Unfortunately for residents of the Virgin Islands, however, the ruling in Bougas was confined to the issue of venue in state courts. It therefore becomes the task of this court to determine whether the harsh and manifestly unjust precedent established in Leonardi and its progeny remains viable in light of the decision of the Supreme Court in Bougas. Upon due consideration it must be concluded that Leonardi is dead but not forgotten.[12]

No court can lightly undertake to disregard long established precedent which has not been expressly overruled. Nevertheless, it is manifest that the underlying rationale of Leonardi—which was uncritically accepted in Buffum, Hill, Helco and Northside Iron— has been demolished by Bougas. As previously observed, these circuit court cases assumed that the terms "established" and "located" as used in section 94 were functionally synonymous. Indeed, the Leonardi court reached its conclusion by applying by analogy the holding of the First Circuit in Domenech which construed the term "located" as it is used in a statute dealing with state taxation of national banks.[13] The Supreme Court has now reached a contrary result in construing the same word as it is used in the statute now before this court. Given the holding in Bougas, the holdings of Leonardi, et al., must necessarily expire. Because these cases are no longer dispositive of the issue now before the court, an independent analysis of the problem must be undertaken.

---

[11] In delivering the opinion of the court, Mr. Justice Blackmun stated: "We are not concerned in the present case . . . with the federal aspect of venue . . .". Id. at 39. See also the concurring opinion of Mr. Justice Stewart. Id. at 45.

[12] Only one other decision has been located which re-examined Leonardi in light of Bougas: Allen v. Wachovia Bank and Trust Co., N.A., 470 F.Supp. 18 (E.D.N.C. 1978). In that case Chief Judge Larkins reviewed the case law on the subject and concluded that a new construction should be placed on the term "established" as used in section 94. The basis of his decision in denying the bank's motion to dismiss, however, was his finding that the bank had waived its objection to venue.

[13] The analogy is not compelling. There is no logical reason to restrict the federal venue in an action against a national bank to the district of its tax situs.

544

■ Because the Supreme Court expressly declined to consider the question of federal venue in Bougas, that case cannot be relied upon directly in the matter at bar. Nevertheless, the consideration of justice and fairness expressed by the Court in that case apply with equal force here. Absent some compelling rationale for holding that federal venue in actions against national banks should be more restrictive than venue in state courts, this court must conclude that the terms "established" and "located" are functionally synonymous and that federal venue under section 94 will properly lie in any district in which a national bank maintains a branch bank.

■ The obvious argument in favor of holding that the word "established" is not synonymous with the word "located" as used in section 94 is that Congress chose to use two words rather than one when the legislation was enacted, and therefore intended that two different meanings attach to those words. An analysis of the legislative history, however, reveals that at the time that this language was adopted a national bank was not allowed to conduct business other than from the single "establishment" or "location" specified in its charter. At that time dichotomous meanings could not have been intended for these critical words because at that time the terms necessarily referred to but a single place. It is more likely that the person who drafted the 1864 Act (which first used the term "located") simply borrowed the existing language of the 1863 Act (which had used the term "established") and tacked on the additional provisions using his or her own literary style. No significance can be inferred from the use of these two words.

■ The concerns of Congress in enacting a special venue provision for actions against national banks were "for the convenience of those institutions, and to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts." First National Bank of Charlotte v. Morgan, 132 U.S. 141, 145 (1889). Although this concern may have been well founded in 1864, modern advances in transportation and communication have rendered it an anachronism. In the rare case in which litigation far from the home office of a national bank would significantly inconvenience the bank's operations, the bank could easily move for a change of venue pursuant to 28 U.S.C. § 1404(a). To restrict federal venue solely to the district of a national bank's principal place of business and not to allow actions to be brought where such a bank maintains a branch office would not serve the legislative purpose of section 94.

545

■ Finally, this court must consider the issues of justice and fundamental fairness. Plaintiff's claim is not large. The checks which were allegedly wrongfully dishonored do not represent a large sum. Leonardi would require plaintiffs to present their claim in the Northern District of California, a requirement which in reality deprives them of access to a court for the adjudication of what may prove to be a meritorious claim. Although courts in the past have been willing to tolerate such a result, this court is not.

For the foregoing reasons the court holds that for the purposes of determination of federal court venue under 12 U.S.C. § 94, a national bank is "established" in a district in which it maintains a branch bank. Because of this holding it is not necessary to address the issue of waiver which was raised by defendant's motion.

## ORDER

For the reasons set forth in the memorandum opinion of even date, it is hereby

ORDERED:

That defendant's motion to dismiss for improper venue be, and is hereby, DENIED.