**In the Matter of DICK & COMPANY, INC., Debtor.**

**DICK & COMPANY, INC., Plaintiff,**

**v.**

**FIRST NATIONAL BANK OF CHICAGO and National Acceptance Company of America, Defendants.**

**Bankruptcy No. 80–30279.
Adv. No. 80–3066.**

United States Bankruptcy Court,
N. D. Indiana,
South Bend Division.

Dec. 29, 1980.

William A. Thorne and Glenn L. Duncan, Elkhart, Ind., Kenneth P. Fedder, South Bend, Ind., for debtor.

David S. Curry and J. Robert Stoll, South Bend, Ind., for creditors committee.

Salvatore A. Barbatano, Chicago, Ill., F. Richard Kramer, Michael C. Murphy, South Bend, Ind., for defendant First National Bank of Chicago.

Joseph T. Helling, South Bend, Ind., for defendant National Acceptance Co. of America.

## ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

This matter is before the Court on the motion of defendant, The First National

Bank of Chicago (hereinafter, First National), to transfer venue of the complaint of the debtor-in-possession, Dick & Company, Inc., and the cross-complaint of defendant, National Acceptance Company of America (hereinafter, National Acceptance) to the United States District Court for the Northern District of Illinois.

First National's motion came on for hearing before the Court on October 31, 1980, and was thereafter taken under advisement.

As a national banking association chartered under the Banking Laws of the United States, First National asserts that it is entitled to the protection and the rights afforded to it by the national banking venue statute [1] which states:

§ 94. Venue of suits

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

Thus, First National asserts that proper venue lies in the United States District Court for the Northern District of Illinois because the bank is established in Cook County, Illinois. Title 28 of the United States Code, Section 1477 [2] provides in pertinent part:

§ 1477. Cure or waiver of defects.

(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.

Under this provision, First National requests transfer.

The debtor has responded by alleging that venue is proper in this Court due to two exceptions to the national banking venue statute. First, debtor maintains that the adversary proceeding herein is an action *in rem* to determine the status of the debtor for the benefit of the creditors and to aid in the debtor's financial rehabilitation. Claiming that the estate in bankruptcy constitutes the *res* of this *in rem* action, the debtor reasons that the proceeding is a local action which is not within the scope of the national banking venue provisions.[3] Thus, venue lies where the *res* is located, in the Northern District of Indiana at South Bend, and should be prosecuted therein. In any event, if this Court determines that venue is improper, the debtor asserts that pursuant to 28 U.S.C. Section 1477, it would be in the interest of justice and in the interest of effectuating the Congressional purpose of eliminating excessive delay and wasteful expense to the prejudice of debtors and creditors to retain the proceeding in this Court.

First National's Certificate of Corporate Existence evidences the fact that despite merger, First National continues to hold a valid certificate to do business as a National Banking Association. Thus, First National is entitled to assert the protections afforded by the national banking venue statute.

By virtue of the word "may" in the language of this venue provision, 12 U.S.C. Section 94 could be interpreted as merely being permissive and not mandatory. The Supreme Court, however, has foreclosed litigation on this question by repeatedly holding that 12 U.S.C. Section 94 is a mandatory provision.[4] Other courts have held that the

---

1. 12 U.S.C. § 94.

2. 28 U.S.C. § 1477. Although the effective date of 28 U.S.C. §§ 1471–1482 is April 1, 1984, 11 U.S.C. § 405(b) has made these provisions effective through the transition period, October 1, 1979, through March 31, 1984.

3. *National Bank v. Associates of Obstetrics,* 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976); *Michigan Nat. Bank v. Robertson,* 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963).

4. *Citizens & Southern Nat. Bank v. Bougas,* 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977); *National Bank v. Associates of Obstetrics, supra.*

statute must be given strict, narrow construction in favor of the banks.[5]

■ The national banking venue statute provides that venue in an action against a national bank lies in any district or Territorial court within the district in which the bank is established. First National submitted to this Court their original certificate of 1862 reflecting establishment in Cook County, Chicago, Illinois. In August 1969, First National merged with First Chicago Bank, National Association, Chicago, Illinois, under the latter bank's charter. Although this other charter has not been submitted to the Court, it appears that it too was a Chicago Bank. In any event, no evidence has been presented to this Court that First National is established anywhere but Chicago Illinois. Although the United States Supreme Court has interpreted "established" for purposes of 12 U.S.C. Section 94 to include an authorized branch where the bank conducts its business,[6] we have no evidence of any authorized branches located in South Bend, Indiana.

Thus, the Court must conclude that First National is established for purposes of venue in Cook County, Chicago, Illinois.

■ Congress' recently enacted venue provisions for the bankruptcy courts must be reconciled with the national banking venue provision. Proper venue for a proceeding arising in or related to a case under Title 11 of the United States Code, lies in the bankruptcy court in which the Title 11 case is pending,[7] with two exceptions[8] which are inapplicable to the case at bar. Nonetheless, the bankruptcy venue provision is a general statute. There is neither express language nor even a remote indication that Congress intended for the national banking venue provision to yield to the bankruptcy venue statute. Repeal by implication is not favored, especially when the first statute is narrow and specific and the second is general.[9] Bearing these principles in mind, and considering the fact that the bankruptcy court's jurisdiction is not exclusive, the Court finds that 12 U.S.C. Section 94 is controlling in the case at bar.[10]

Next, we must consider whether or not this proceeding falls within one of the two exceptions to the national banking venue provision: 1) waiver, and 2) local actions.

■ The Court is not persuaded by the debtor's argument that by having conducted business in Indiana that First National has waived its right to the privilege of 12 U.S.C. Section 94. Waiver must be a voluntary and intentional relinquishment with acts being consistent and indicative of an intent to relinquish voluntarily a particular right with no other reasonable explanation of the conduct possible.[11] The Court cannot find an act of doing business in the State of Indiana as meeting the above test for waiver of the national banking venue statute.

In regard to the second possible exception to 12 U.S.C. Section 94, it is acknowledged that a national bank can be sued in a local action outside of the district where the bank is established. In recognizing and discussing this exception, the Supreme Court has stated:[12]

> The distinction between local and transitory actions is as old as the actions themselves, and no one has ever supposed that laws which prescribed generally where

---

5. *Atlantic Quality Const. Corp. v. First Pa. Bank, N. A.*, 440 F.Supp. 213 (D.P.R.1976); *Grenada Ready-Mix Concrete, Inc. v. Watkins*, 426 F.Supp. 531 (W.D.Miss.1977).

6. *Citizens & Southern, supra.*

7. 28 U.S.C. § 1473.

8. 28 U.S.C. § 1473(b) and (d).

9. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976).

10. *Accord, Radzanower, supra; In re Associated Transport, Inc.*, 5 BCD 580 (Bankr.Ct.S.D.N.Y.1979); *Allen v. Wachovia Bank & Trust Co., N. A.*, 470 F.Supp. 18 (E.D.N.C.1978); *Rome v. Eltra Corporation*, 297 F.Supp. 314 (E.D.Pa. 1969).

11. *Buffum v. Chase Nat. Bank of City of New York*, 192 F.2d 58 (7th Cir. 1951), *cert. denied*, 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952).

12. *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880).

one should be sued, included such suits as were local in their character, either by statute or the common law unless it was expressly so declared. Local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated. To give the Act of Congress [another] construction . . ., would be, in effect, to declare that a national bank could not be sued at all in a local action where the thing about which the suit was brought was not in the judicial district of the United States within which the bank was located. Such a result could never have been contemplated by Congress.

■ Although it is difficult to articulate what makes an action local, the following explanation is satisfactory: local actions require venue to be laid in the county in which the cause of action arose for the reason that the cause of action could only have arisen in a particular county.[13]

■ The debtor asserts that the debtor's case under Chapter 11 of the Bankruptcy Code is a proceeding *in rem*, the *res* being the debtor's estate. Although under the new bankruptcy law the bankruptcy court has jurisdiction both *in rem* and *in personam*,[14] debtor's focus on the case under Title 11 is misplaced. We are not concerned with the proper venue for filing debtor's petition for an order for relief under the Bankruptcy Code, but rather, the proper forum to litigate debtor's complaint alleging breach of contract and National Acceptance's cross-complaint for improper payment under its guaranty of payment has been called into question. Thus, although reorganization of the debtor's estate may be a local action, the breach of contract actions are transitory.[15]

Accordingly, the debtor's complaint and National Acceptance's cross-complaint are transitory actions which do not fall within an exception to the national banking venue provisions.

■ Having found that 12 U.S.C. Section 94 controls, proper venue would lie in the Northern District of Illinois. Nevertheless, this Court must now decide whether to retain or transfer the proceedings pursuant to 28 U.S.C. Section 1477(a). Under this provision the Court may either transfer or retain the proceeding without proper venue if so doing would be in the interest of justice and for convenience of the parties. In assessing the convenience of the parties and witnesses, and the interests of justice, relevant factors for consideration in the case at bar are:[16]

1) the proximity of creditors to the Court
2) the proximity of the debtor to the Court
3) the proximity of witnesses
4) the economic administration of the estate
5) the relative ease of access to sources of proof
6) enforceability of judgment if one is obtained, and
7) a trial in the state whose law will govern.

Although of prime importance to a bankruptcy court is the economic and efficient administration of the estate (which would indicate trial at the location of the debtor and his counsel), militating against trial in South Bend, Indiana, are the facts that First National, all of the bank's records, evidence, witnesses, and counsel are located in Chicago. If judgment would be obtain-

---

13. 25A *Words and Phrases* at 137 (1961), citing *McLeod v. Connecticut*, 6 A. 648, 649, 58 Vt. 727.

14. 1 *Collier on Bankruptcy* ⸢ 3.01 at 3–47 (15th ed. 1980).

15. *Moreland v. Rucker Pharmacal Company, Inc.*, 59 F.R.D. 537 (W.D.La.1973).

16. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980).

ed, an Illinois judgment would be easier to enforce against an Illinois defendant. After considering all of the facts, the Court cannot find that it would be in the interests of justice and convenience of the parties to retain this proceeding in the Bankruptcy Court for the Northern District of Indiana, South Bend Division. Although retaining the case with improper venue might be found to conflict with 12 U.S.C. Section 94, we need not reach this question.

First National has requested transfer to the United States District Court for the Northern District of Illinois. This Court, however, may only do that which is within its power. Transfer may only be had pursuant to 28 U.S.C. Section 1475 [17] which provides:

> § 1475. Change of venue. A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

Therefore, this Court may only transfer to the Bankruptcy Court for the Northern District of Illinois.

Accordingly, on First National's motion to transfer for improper venue, this Court hereby transfers the debtor's complaint and National Acceptance's cross-complaint at issue herein to the United States Bankruptcy Court for the Northern District of Illinois.

SO ORDERED.