## TRADEWINDS, INC., Plaintiff

### v.

## CITIBANK, N.A., NBG PROPERTIES, INC., and IBG PROPERTIES, INC., Defendants

Civil No. 7-1980

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 30, 1980

WILLIAM HELLER, ESQ., St. Thomas, V.I., *for plaintiff*

ROGER L. CAMPBELL, ESQ., St. Thomas, V.I., *for defendant Citibank*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is presently before the Court on several motions raised by Citibank, N.A. (Citibank), IBG Properties, Inc. (IBG) and NBG Properties, Inc. (NBG). Citibank asserts that the complaint must be dismissed for want of venue in this forum. See Fed. R. Civ. P. 12(b)(3). IBG and NBG lodge a two-fold attack against the complaint. Firstly, they aver that the complaint fails to state a claim upon which relief can be granted and secondly, they maintain that portions of the complaint should be stricken as redundant and impertinent matter. See Fed. R. Civ. P. 12(b)(6), 12(f). Relief will be granted in part.

This action arose out of the alleged breach of certain construction and development contracts entered into between Tradewinds (Tradewinds), Inc., on the one hand, and IBG and NBG on the other. Citibank, although not a signatory of, and thus not a party to these agreements, was named as a defendant because of its alleged control over IBG and NBG as well as its interference into the "breached" agreements. The Court will bring forth further facts as it becomes necessary to decide each motion.

## MOTION TO DISMISS FOR LACK OF PROPER VENUE

Defendant Citibank's motion to dismiss the complaint for lack of proper venue presents us with a most difficult legal issue.[1] Citibank, a national banking association with its principal offices in New York City, contends that pursuant to 12 U.S.C. § 94 (1976) venue does not lie in this jurisdiction. Section 94 provides:

Venue of Suits

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

Whether venue is proper in the Virgin Islands in the case at bar is pendent upon the meaning of the word "established" in § 94.

■ In Cornelius v. Bank of America, 17 V.I. 539 (D.V.I. 1980), this Court held that a bank is "established" for the purposes of venue in any district in which it maintains a branch bank. The Court premised its holding on the legislative history and the judicial interpretation[2] of § 94 in addition to the strong policy considerations for finding venue in the Virgin Islands. We adopt the court's reasoning in Cornelius but feel impelled to further comment.

Citibank asserts that Cornelius is in derogation of Helco, Inc. v. First National City Bank, 9 V.I. 549, 470 F.2d 883 (3d Cir. 1972), and furthermore argues that a District Court is powerless to overturn a decision of Court of Appeals. We have no quarrel with Citibank's latter contention well knowing the circumference of powers. However, we do not consider our decision in the case sub judice to be contrary to the Helco court's holding. The court in Helco was

---

[1] This Court previously addressed the venue provision applicable to national banks in the context of waiver. See Helco, Inc. v. First National City Bank, 8 V.I. 282, 333 F.Supp. 1283 (D.V.I. 1971) rev'd 9 V.I. 549, 470 F.2d 883 (3d Cir. 1972).

[2] It can be argued that the meaning of the word "established" is plain and that if the courts are unhappy with its definition they should look to Congress for any appropriate change. It was the courts and not Congress that defined "established" and thus it is within our purview to redefine the term. "Established" as used in § 94 was first defined by the Court of Appeals for the Second Circuit in Leonardi v. Chase Manhattan Bank, 81 F.2d 19 (2d Cir.), cert. denied 298 U.S. 677 (1936). Afterward courts blindly followed the Leonardi decision without examining its undergirding reasoning. We chose not to follow that line of cases but rather opted for a look at the meaning of the word afresh. See Cornelius v. Bank of America, supra.

asked to determine whether a national bank had waived the venue restrictions by opening a branch bank in the Virgin Islands. On its own initiative the Court of Appeals went forward and addressed the venue question from a jurisdictional standpoint. Although the Helco court's discussion of venue made its position on the issue of venue quite clear we do not feel bound by its obiter dictum. See Cornelius, supra n.7. Moreover, in light of a recent holding of the Supreme Court of the United States and of decisions of lower courts construing 12 U.S.C. § 94, we believe the majority's interpretation of the word "established" is no longer valid.

In Citizens & Southern National Bank v. Bougas, 434 U.S. 35 (1977), the Supreme Court addressed the state venue provisions of 12 U.S.C. § 94 and interpreted the statute as allowing suit in any jurisdiction wherein a branch bank was located. Mr. Justice Blackmun writing for a unanimous Court wrote that although the lower courts' interpretation of the federal venue provisions was strongly criticized, the Court would not address the issue because it was not before it. Id. at 39. Justice Stewart in his concurrence went considerably beyond this saying, "The Courts opinion . . . may be read by some to imply approval of the view that, for purposes of federal court venue under 12 U.S.C. § 94, a bank is 'established' only in the district that includes its charter county . . . I have serious doubts that the cases so holding were correctly decided . . . ." Id. at 45, 46. The lower courts seized on the spirit of Bougas in order to carve further exceptions out of the harsh venue provisions. See Petrizzo v. United States, 492 F.Supp. 752 (D.N.J. 1980) (the federal-venue provisions do not apply when the national bank is a third-party defendant); Robinette v. Griffith, 483 F.Supp. 28 (W.D. Va. 1979) (by operating an authorized branch in a federal district the bank impliedly waives the venue restrictions of 12 U.S.C. § 94); Allen v. Wachovia Bank & Trust Co., 470 F.Supp. 18 (E.D.N.C. 1978) (a more modern judicial interpretation should be given to the term "established". The Court found waiver.).

We see no reason why this Court should have to carve another exception into an outmoded judicial interpretation of a statute. Rather we are inclined to follow the pragmatic reasoning of Mr. Justice Holmes.

> It is revolting to have no better reason for a rule of law than it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation.

Justice Homes, Collected Legal Papers (1920), quoted in Petrizzo v. United States, supra. The venue provisions in the National Bank Act (the precursor of 12 U.S.C. § 94) were written at a time when the activities of national banks were restricted to a particular locale. Citizens & Southern National Bank v. Bougas, 434 U.S. at 42. Certainly the purpose served by the restricted venue provisions no longer obtains. With the advent of telecommunications, jumbo jets and data processing the banks have lost their justification for protective venue. Surely if they can operate branch banks in many jurisdictions they can also defend suits there. See id. at 44.

Moreover we find the equities involved to weigh heavily in plaintiff's favor. Citibank is present and doing business in this jurisdiction. However, although Citibank may bring suits here based on actions that accrue out of its business in the Virgin Islands, under the majority's interpretation of the federal-venue banking provision Citibank cannot be sued here.

Accordingly, in the interest of justice and for the foregoing reasons we hold that a national bank is "established" at its principal office and as well at the situs of a branch bank where the cause of action arose. Citibank's motion to dismiss for lack of venue will be denied.

## MOTION TO STRIKE

■ Defendants IBG and NBG move to strike the eighth, sixteenth, eighteenth and twentieth counts of the complaint on the grounds that the allegations contained therein are redundant. See Fed. R. Civ. P. 12(f). Although the Court views motions to strike with disfavor where, as here, the motion is directed at separate counts that contain the same allegations, the Court will strike the allegations as redundant. See AKC Corp. v. Williams, 461 F.Supp. 540 (N.D. Tex. 1978) aff'd 614 F.2d 58 (5th Cir. 1980); Reichsteiner v. Madison Fund, Inc., 75 F.R.D. 499 (D. Del. 1977). We find that counts sixteen, eighteen and twenty are fully contained in count twenty-two.

Count eight of the complaint, however, asserts a distinct cause of action. Defendants maintain that count eight is contained in count two and/or count five. We disagree. The eighth cause of action provides that the defendants deliberately failed to approve work schedules within a specified time period thereby causing plaintiff damage. Count two provides that the defendant purposefully breached the contract by selling land to others in contravention of the exclusive agent provision. The fifth cause of action provides that the

defendants conspired with others to offer property for sale thereby breaching the contract.

██ Although the three causes of action are similar, they are not redundant. A claim will not be stricken unless it is certain to have no effect on the outcome of the litigation. Johnson v. American Aviation Corp., 64 F.R.D. 435, 437 (D. N. Dak. 1974); Lemon v. Sloan, 340 F.Supp. 1356 (E.D. Pa. 1972) aff'd 535 F.2d 1246 (3d Cir. 1976). Moreover, even if the claims may be viewed as redundant we cannot say as a matter of law that count eight is so superfluous that its presence clearly prejudices the defendants. Leas v. General Motors Corp., 278 F.Supp. 661 (D. Wisc. 1968). Defendants' motion to strike count eight will, therefore, be denied.

## MOTION TO STRIKE THE AD DAMNUM CLAUSE

Defendants IBG and NBG also move this Court to strike the ad damnum clause of paragraph 25 of the complaint on the grounds that it is impertinent and excessive. Specifically the movants contend that plaintiff is seeking damages in excess of its compensatory claim which is not allowed as a matter of law. The motion will be denied.

██ Our threshold difficulty with defendants' motion is the vehicle by which they seek to reduce the ad damnum clause. Rule 12(f) of the Federal Rules of Civil Procedure may be used to strike redundant, immaterial, impertinent or scandalous allegations. Because a demand to reduce the ad damnum clause falls within none of those categories, a 12(f) motion is procedurally inadequate. Drewett v. Aetna Casualty & Surety Co., 405 F.Supp. 877, 878 (W.D. La. 1975) aff'd 539 F.2d 496 (5th Cir. 1976). On the other hand, the subject matter of this motion may be presented to the Court via a 12(b)(6) motion. Id., Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1358. Thus we will treat the motion to strike as though it were a 12(b)(6) motion.

██ The ad damnum clause will not be reduced or dismissed for failure to state a claim upon which relief may be granted. When a contractual breach occurs "compensatory damages will be given for the net amount of losses caused and gains prevented by the defendant's breach, in excess of savings made possible. . . ." RESTATEMENT OF CONTRACTS § 329 (1932). The goal in awarding compensatory damages is to put the injured party in the same position as he would have been if the contract had been fully performed. Section 329 comment a.

99

■ IBG and NBG assert that under § 329 plaintiff is only entitled to recover the net profit Tradewinds would have received had the contract been performed. Such an assumption is incorrect. Plaintiff is entitled to expenditures reasonably made in part performance of the contract as well as other foreseeable expenditures. See RESTATEMENT (SECOND) OF CONTRACTS § 362 (Tent. Draft No. 14, 1979); RESTATEMENT OF CONTRACTS § 346; see, e.g., F. D. Rich Housing of the Virgin Islands, Inc. v. Government of the Virgin Islands, 17 V.I. 410 (D.V.I. 1980) (it should be noted however that damages in F. D. Rich were premised on the parties reliance interest).

Thus damages are not limited as a matter of law to the contractual net profits as defendants assert. Therefore, the motion to dismiss for failure to state a claim upon which relief may be granted will be denied.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants IBG and NBG move this Court to dismiss plaintiff's second, fourth, fifth, eleventh, thirteenth, fourteenth, sixteenth, eighteenth, twentieth, twenty-second and twenty-fifth causes of action for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Each of these counts is attacked because they seek punitive damages for a contractual claim. In addition the defendants attack the fifth and thirteenth counts for failure to plead fraud with particularity. See Fed. R. Civ. P. 9(b). Only the fifth and thirteenth causes of action will be dismissed.

■ Punitive damages may not be granted for actions sounding in contract. RESTATEMENT OF CONTRACTS § 342 (1932); Whitfield Construction Co. v. Commercial Development Corp., 1975 St. Thomas Supp. 393 (D.V.I. 1975). Thus, defendants' motion would have been granted but for the fact that in plaintiff's amended complaint Tradewinds incorporates the forty-second cause of action into each of the attacked counts. The forty-second cause of action sounds in tort. Under proper circumstances punitive damages may be awarded in tortious actions. RESTATEMENT (SECOND) OF TORTS § 908 (1979); see Oliver B. Cannon & Sons, Inc. v. Fidelity & Casualty Co., 484 F.Supp. 1375, 1387 (D. Del. 1980).

■ ■ Plaintiff, however, will not succeed with respect to its fifth and thirteenth causes of action. Under Rule 9(b) of the Federal Rules of Civil Procedure allegations of fraud must be pleaded with specificity. Clinton House & Sons v. Lehigh Valley Corp., 73 F.R.D.

420, 428 (E.D. Pa. 1977), aff'd 586 F.2d 834 (3d Cir. 1978). Weiner v. Shapiro Co., 56 F.R.D. 483, 484 (E.D. Wis. 1972). Thus the allegation of fraud must contain the time, place and contents of the false representations as well as the identity of the persons making them. Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1297. The incorporated forty-second cause of action will not cure this particularity defect because it does not point to the circumstances upon which the fifth and thirteenth counts of the complaint are based. Those two counts will be dismissed.

## CONCLUSION

In summary, the Court holds that venue is properly found within the Virgin Islands because Citibank operates a branch bank here and it is in this jurisdiction that the instant cause of action accrued. The sixteenth, eighteenth, and twentieth counts of Tradewinds' complaint will be dismissed as redundant. In addition its fifth and thirteenth counts are stricken for failure to state a claim upon which relief may be granted. All other requested relief we deny.

## ORDER

The premises considered and the Court being duly advised

IT IS ORDERED that Citibank's motion to dismiss the complaint for lack of venue be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that defendants' IBG Properties, Inc., and NBG Properties, Inc., motion to strike the sixteenth, eighteenth and twentieth counts of the complaint be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that IBG and NBG's motion to strike count eight of the complaint be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that IBG and NBG's motion to dismiss paragraph twenty-five of the complaint be and the same is hereby, DENIED;

IT IS FURTHER ORDERED that NBG and IBG's motion to dismiss the second, fourth, eleventh, fourteenth, twenty-second and twenty-fifth counts of the complaint be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that IBG and NBG's motion to dismiss the fifth and thirteenth counts of the complaint be, and the same is hereby, GRANTED.