William C. CAMP, Plaintiff,

v.

Peter A. GUERCIO, Individual, Pfizer, Inc., a corporation, and Pfizer Retirement Annuity Plan, an Entity, and Citibank N. A., Trustee of the Entity, Defendants.

Civ. A. No. 76–744–A.

United States District Court,
W. D. Pennsylvania.

Jan. 31, 1979.

Felix J. DeGuilio, Pittsburgh, Pa., for plaintiff.

Stewart M. Flam, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, Chief Judge.

The Plaintiff charges that the Defendants' failure to notify him that the Pfizer Retirement Annuity Plan would be modified on July 1, 1975 in favor of employees like the Plaintiff constitutes a violation of the federal securities laws and the Employee Retirement Income Security Act, 29 U.S. C.A. § 1001 *et seq.* (1978 Supp.). In addition, the Plaintiff asserts that the Defendants' failure to pay the Plaintiff for consulting services rendered in February and March 1975 constituted a breach of contract, and that Defendants' failure to disclose constitutes a breach of common law duties of trust and full disclosure. Outstanding are three motions: (1) the Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment; (2) Defendant Citibank's Motion to Dismiss for Improper Venue; and (3) the Plaintiff's Motion for Entry of Default Judgment.

Defendants' Motion to Dismiss and/or for Summary Judgment was directed only to the federal securities law cause of action. On November 16, 1977, the Court deferred decision on this Motion pending the disposition of the appeal taken in *Daniel v. Inter. Bhd. of Teamsters,* 561 F.2d 1223 (7th Cir. 1977). The Supreme Court reversed this decision on January 16, 1979, —— U.S. ——, 99 S.Ct. 790, 58 L.Ed.2d —— (1979). In essence, the Supreme Court held that the federal securities laws do not apply to non-contributory, compulsory pension plans, that is, those plans which are funded entirely by employer contributions and which require employees to participate. The Court has examined the copy of the Pfizer Retirement Annuity Plan submitted with the Defendant Pfizer's Answers to the Plaintiff's Fourth Set of Interrogatories, and has concluded that it is a non-contributory, compulsory plan, (Pfizer Retirement Annuity Plan, §§ 2, 5.) It is a compulsory plan because the employees automatically become participants of the plan upon employment, § 2, and it is non-contributory because it is funded entirely by Pfizer, § 5. Accordingly, in view of the decision of the Supreme Court in *Daniel,* we will grant the defendant Pfizer's Motion for Partial Summary Judgment on the grounds that the Plaintiff's interest in Pfizer's pension plan is not a "security" under the federal securities laws.

■ Citibank has filed a Motion to Dismiss the action against it for improper venue under § 94 of the National Bank Act, 12 U.S.C.A. § 94 (1978 Supp.). Section 94 provides that an action in federal court against a national banking association may be brought only in the judicial district in which the bank is "established." Within the meaning of § 94, a national banking association is established only in the place specified in the bank's charter as its headquarters or home office, *Radzanower v. Touche, Ross & Co.,* 426 U.S. 148, 151 n.2, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976); *Northside Iron & Metal Co. v. Dobson & Johnson, Inc.,* 480 F.2d 798, 799 (5th Cir. 1973). The Defendant Citibank is a national banking association,[1] the home office of which is in the Borough of Manhattan, New York City.[2] In addition, other courts have held that venue against Citibank, which was called at one time the First National City Bank of New York, under § 94 lies only in the Southern District of New York, see, e. g., *Rome v. Eltra Corp.,* 297 F.Supp. 314, 315 (E.D.Pa.1969).

■ The Plaintiff argues that, instead of § 94 of the National Bank Act, the more liberal venue provisions of ERISA ought to apply; ERISA's venue provisions provide that an action may be brought where the pension plan is administered or where the breach takes place, 29 U.S.C.A. § 1132(e)(2) (1978 Supp.). On the issue of which of these conflicting provisions applies, *Radzanower v. Touche, Ross & Co.,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976), is controlling. There, an action under the Securities Exchange Act of 1934 was commenced in the Southern District of New York against a national bank established in Boston. The bank moved to dismiss the complaint claiming that venue as to it lay only in Boston under the § 94 of the National Bank Act and that the more liberal venue provisions of the Securities Exchange Act, which would have allowed venue in New York, did not apply. The Supreme Court held that the action against the bank was governed by the venue provisions of § 94 of the National Bank Act even though that suit was initiated under another federal statute with its own venue provision. The Court reasoned that, under accepted principles of statutory construction, "the narrowly drawn, specific venue provision of the National Bank Act must prevail over the broader, more generally applicable venue provision of the Securities Exchange Act," *Id.* at 158, 96 S.Ct. at 1995.[3] The Court stated that, even though its provisions were more recent, the venue provisions of the Securities Exchange Act did not work a *pro tanto* repeal of those of the National Bank Act for two reasons: First, § 94, the more specific provision, was not locked in "irreconcilable conflict" with the securities act venue provision because its application would not foreclose anyone from bringing actions under the securities act, even though it might make such actions against national banks more inconvenient for some plaintiffs, *id.* at 155–56, 96 S.Ct. 1989. Second, Congress did not intend the Securities Exchange Act to replace or substitute for the National Bank Act, *id.* at 157–58, 96 S.Ct. 1989. For similar reasons, we believe that the instant case is governed by the venue provisions of the National Bank Act. First, the application of § 94 will not foreclose anyone from bringing an action under ERISA, although it may make that action less convenient. Second, our comparison of the basic subject matters of ERISA and the National Bank Act impels our conclusion that Congress did not intend ERISA to substitute for the National Bank Act. See, *Ewton v. Employees' Profit Sharing Retirement Plan of Hibbard,* 416 F.Supp. 1055, 1057 (S.D.Fla.1976) (holding that venue provisions of National Bank Act applied to suit

---

1. Certificate of the Comptroller of Currency, dated Aug. 16, 1976 (attached to affidavit of Earl Huplits, a Vice-President of Citibank, N.A.)

2. Charter of Citibank, N.A., § 2 (attached to Huplits affidavit).

3. We note that the Supreme Court's decision in *Radzanower* overruled *Ronson Corp. v. Liquifin Aktiengesellschaft,* 483 F.2d 852 (3d Cir. 1973), which awarded primacy to the securities act venue provision.

against national bank under ERISA). We conclude, therefore, that a national bank is subject to suit under ERISA only in the district wherein it is established. Accordingly, Citibank's Motion to Dismiss for Improper Venue will be granted.

 Finally, the Plaintiff moves for the entry of a judgment of default under Fed. R.Civ.P. 55 against Pfizer for failing to file a timely answer to the Plaintiff's Amended Complaint. The Plaintiff moved for Leave to Amend his Complaint on August 24, 1977 and attached to his motion a copy of the Amended Complaint which he proposed. The Court granted the Plaintiff's Motion to Amend on November 16, 1977, and a copy of the Amended Complaint which the Plaintiff had attached to his Motion for Leave to Amend was stamped "filed" on December 8, 1977. The Pfizer Retirement Annuity Plan did not file its Answer to Plaintiff's Amended Complaint until March 21, 1978, although Pfizer's attorneys entered their appearance for Citibank N.A., one of the Defendants added in the Amended Complaint on February 6, 1978, and for the Pfizer Retirement Annuity Plan on March 2, 1978. The docket does not indicate that Pfizer, Inc. has ever filed an answer to the Plaintiff's Amended Complaint.

The Plaintiff's attorney seems to argue that he accomplished service of the Amended Complaint on Pfizer during a conversation with Stewart Flam, Esq., one of Pfizer's attorneys, outside of the Allegheny County Courthouse. In an affidavit, Plaintiff's counsel states that during their conversation Mr. Flam said that he would not require the Plaintiff to serve upon him on behalf of Pfizer a copy of the Amended Complaint if it was the same as the one attached to the Plaintiff's Motion to Amend. In a responding affidavit, Mr. Flam testifies that he cannot recall the conversation and denies that he ever told Plaintiff's counsel that it would be unnecessary to serve him on behalf of Pfizer with a copy of the Amended Complaint. In his response to the Plaintiff's Motion for Judgment, the Defendant Pfizer contends it was never properly served with a copy of the Amended Complaint.

The Court cannot enter a judgment of default against Pfizer on such conflicting, balanced evidence of whether service was ever accomplished. In any event, the Plaintiff does not assert that he served Pfizer with a copy of the Amended Complaint apart from his service of his Motion to Amend. Because we can see no prejudice to the Plaintiff by Pfizer's delay in filing his Answer to the Amended Complaint and because the evidence of service raises more questions than it answers, the Plaintiff's Motion for Judgment of Default will be denied.

For the record we will require Pfizer, Inc. to file its responsive pleading to the Amended Complaint within twenty (20) days of receipt of a copy of the attached Order. There now remains outstanding Plaintiff's ERISA claim and the pendent state claims.