In the Matter of CHUCK HARRISON DODGE, INC., Debtor.

Richard L. NYGAARD,
Trustee, Plaintiff,

v.

MARINE MIDLAND BANK, Defendant.

Bankruptcy No. 80–00285.
Adv. No. 81–0291.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 15, 1985.

382

Kenneth D. Chestek, Erie, Pa., for plaintiff/trustee.

William J. Brown, Buffalo, N.Y., Robert W. Parker, Jr., Erie, Pa., for defendant.

Vedder J. White, Erie, Pa., for debtor.

## MEMORANDUM AND ORDER ON MOTION TO TRANSFER PURSUANT TO 12 U.S.C. § 94

WM. B. WASHABAUGH, Jr., Bankruptcy Judge:

This matter comes before the Court on Motion of the defendant, Marine Midland Bank, N.A. of Buffalo, New York to transfer the within action of the trustee to recover the sum of $71,760.08 allegedly constituting a preferential transfer on the ground that the defendant is a national banking association with an office and principal place of business in the Western District of New York protected by 12 U.S.C. § 94 from legal action against it in any district or territorial court of the United States except in the district within which such principal place of business is located. The motion for transfer relied on F.R.C.P. 12(b)(3) and B.R. 7012(b) in addition to said 12 U.S.C. § 94 and was filed before the decision of the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipeline Co., et al.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) holding that the Bankruptcy Court is without jurisdiction to entertain an action of a trustee in bankruptcy for damages for breach of contract against a third party, and before the passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984 which clarified said problems.

Section 157(b)(1) of said Bankruptcy Amendments Act provides that Bankruptcy Judges may hear, determine and enter orders and judgments in all core proceedings arising in cases under the Bankruptcy Code, and defines core proceedings as including proceedings to determine and set aside preferences and fraudulent conveyances and to order turnovers of property of the estate in subsection (b)(2).

It was held in the case of *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976) that the mandatory provisions of 12 U.S.C. § 94 were not impliedly repealed by the Securities Exchange Act and that a suit under said Act can only be brought against a national bank in the district in which its principal office is established. See also *Mercantile National Bank v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), *Helco, Inc. v. First National City Bank,* 470 F.2d 883 (3d Cir.1972) and the Opinion of United States District Judge Gerald J. Weber in *Camp v. Guercio* 464 F.Supp. 343 (W.D.Pa. 1979).

It is unfortunate that the disposition of the within matter was delayed because of confusion resulting from the appointment of the Trustee in Bankruptcy, the Honorable Richard L. Nygaard, as Judge of the Court of Common Pleas of Erie County, Pa., and the qualification of Warren W. Bentz, Esq. as substituted trustee, as well as the confusion surrounding the issues involved in the Marathon case both before and after their resolution by the United States Supreme Court and the referred to Bankruptcy Amendments and Federal Judgeship Act of 1984, but it is clear from what we have set forth above that the litigation here before us can be proceeded with only in the Western District of New York in which the defendant's place of business is located, and that the defendant's motion to transfer the proceeding to the United States Bankruptcy Court for that district should be granted.

## ORDER

IT IS ORDERED, ADJUDGED and DECREED for the foregoing reasons this 15th day of January, 1985, that the within proceeding be, and the same hereby is, transferred pursuant to 12 U.S.C. § 94 and B.R. 7012(b) and F.R.C.P. 12(b)(3) to the United States Bankruptcy Court for the Western District of New York; further, that it is requested that the transferee court's opinion and rulings on the issues pending therein be returned to the within Court for further administration and closing when adjudicated.